```
 1  Kenneth G. Parker (SBN 182911)
       kparker@tlpfirm.com
 2  Robert G. Loewy (SBN 179868)
       rloewy@tlpfirm.com
 3  TEUTON, LOEWY & PARKER, LLP
    3121 Michelson Drive, Suite 250
 4  Irvine, California 92612
    Telephone:  (949) 442-7100
 5  Facsimile:  (949) 442-7105

 6  Thomas M. Galgano (Pro Hac Vice)
       tmgalgano@rcn.com
 7  GALGANO & ASSOCIATES, PLLC
    20 W. Park Avenue, Suite 204
 8  Long Beach, New York 11561
    (516) 431-1177
 9

10  Attorneys for Plaintiffs
    HARRY J. BINDER & CHARLES E. BINDER
11
```

**FILED**
CLERK, U.S. DISTRICT COURT
FEB 12 2008
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

**NOTE CHANGES MADE BY THE COURT**

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| HARRY J. BINDER, *et al.*,<br><br>   Plaintiffs,<br><br>   vs.<br><br>DISABILITY GROUP, INC., a corporation; RONALD MILLER, an individual; and DOES 1 to 10, inclusive,<br><br>   Defendant. | Case No.: CV 07-02760-GHK (SSx)<br><br>Hon. George King, Judge<br>Courtroom 650<br><br>Referred to:<br>Magistrate Judge Suzanne H. Segal<br><br>[~~PROPOSED~~] **PROTECTIVE ORDER NO. 1 REGARDING TREATMENT OF NAMES AND ADDRESSES OF POTENTIAL CUSTOMERS** |

**THE COURT FINDS** as follows:

1. Good cause exists in the course of this action to enter this protective order pursuant to Rule 26(c)(7) to protect and limit the use of certain names and addresses of individuals that this Court has ordered Disability Group, Inc. to disclose and produce in this action pursuant to its ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS entered February 6, 2008; and

2. Entry of a protective order pursuant to Rule 26(c)(7) of the Federal Rules of Civil Procedure would serve the interests of justice by allowing the disclosure of such names and addresses while providing for protection of personal and confidential information to the extent possible in light of such disclosure.

**IT IS HEREBY ORDERED,** pursuant to Rule 26(c)(7) of the Federal Rules of Civil Procedure, that

1. This Order shall govern the handling of the names and addresses of the potential customers ("CUSTOMER INFORMATION") of defendant Disability Group, Inc., including the CUSTOMER INFORMATION contained in unredacted versions of documents stamped dg-1 through dg-201 in this action.

2. CUSTOMER INFORMATION shall be used solely for purposes of this action and shall not be used for any other purpose, including, without limitation, any business, proprietary, commercial, governmental, or other litigation purpose.

3. Disability Group shall provide notice that document or information contains CUSTOMER INFORMATION as follows:

   a. In the case of any documents provided or produced, by affixing the legend "CONTAINS CUSTOMER INFORMATION—SUBJECT TO PROTECTIVE ORDER NO. 1" to any document containing any CUSTOMER INFORMATION.

   b. In the case of depositions or other testimony (i) by a statement on the record, by counsel, during such deposition or other testimony or portion thereof that such testimony shall be treated as containing CUSTOMER INFORMATION under this order, or (ii) by written notice, sent by counsel to all parties within ten (10) business days after receiving a copy of the transcript thereof.

  4. Access to CUSTOMER INFORMATION is limited to:

   a. counsel of record for the parties in this Action, members of their firms, associate attorneys, paralegal, clerical and other regular or temporary employees of such counsel necessary to assist in the conduct of this Action for use in accordance with this Order;

   b. any attorney employed by a party (i.e., "in house" counsel), associate attorneys, paralegal, clerical and other regular or temporary employees of such counsel necessary to assist in the conduct of this Action for use in accordance with this Order;

   c. outside consultants or experts ("Consultants") retained by a party in this Action; provided that each Consultant shall be identified by delivering to the Producing party the name, address and a curriculum vitae of the Consultant in writing no less than 5 days prior to disclosure of the Material to such expert, and provided that the Producing party either does not object or the Court overrules any such objection;

   d. the parties in this action, provided that each party notify any employee who reviews such information of the existence of this order;

   e. the Court, court personnel and court reporters;

   f. outside photocopying, imaging, data base, graphics or design services retained by outside counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in this Action;

   g. non technical jury or trial consulting services retained by outside counsel; and

      h.   other persons (including in house representatives who would not otherwise have access) only upon Order of the Court for good cause shown or upon written stipulation of the parties.

5. Pursuant to the ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS dated February 6, 2008, in order to protect the privacy interests of the third parties identified in documents numbered "dg-001 to dg-201", Plaintiffs shall contact the individuals identified in documents numbered "dg-001 to dg-201" by mail or personal service; provided, however, that this proscription shall not prohibit plaintiff from interviewing (through an investigator or outside counsel) any such person who contacts plaintiffs after receiving a written communication or who contacts plaintiffs of their own accord by phone.

6. So long as the same documents are simultaneously provided to persons listed in sub paragraph 6(a), all documents of any nature, including briefs, which contain CUSTOMER INFORMATION, to be filed with the Court under seal, such papers shall be accompanied by an application in accordance with Local Rule 79-5.1. The application to file such papers under seal shall be directed to the judge to whom the papers are directed. Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal. When there is prior approval by the Court, such documents filed under seal with the Court shall be filed under seal in an envelope or other container marked with the title of the Action, the title of the court filing which contains the material, and a statement substantially in the following form:

    CONFIDENTIAL FILED PURSUANT TO A PROTECTIVE ORDER
    THIS ENVELOPE IS NOT TO BE OPENED NOR ARE THE CONTENTS
    THEREOF TO BE DISPLAYED OR REVEALED EXCEPT BY OR TO
    QUALIFIED PERSONS OR BY COURT ORDER.

*The Court has considered Defendants' Objections to the Proposed Protective Order. The Court rejects Defendants' objections. (SHS)*

7. In the event that any CUSTOMER INFORMATION is used in any trial, counsel shall confer with the Court on such procedures as are necessary to protect the confidentiality of any documents, information and transcripts used in the course of any such proceedings.

Dated: 2/12/08   By: /s/ Suzanne H. Segal
Hon. Suzanne H. Segal
United States Magistrate Judge