# EXHIBIT A

ORIGINAL

P/SEND

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No CV 07-2760-GHK(SSx) Date October 1, 2007

Title HARRY J BINDER, et al. vs. DISABILITY GROUP INC., et al.

**Presiding: The Honorable GEORGE H. KING, U. S. DISTRICT JUDGE**

| Beatrice Herrera | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| KENNETH G. PARKER | RONALD D. MILLER<br>MATT KOHN |

**Proceedings: SCHEDULING CONFERENCE**

Court conducts scheduling conference with counsel, and encourages counsel to explore early settlement of this action. Court directs counsel to contact Judge Suzanne Segal's clerk to obtain a date for a discovery conference with Judge Segal with the goal of determining what limited discovery should be done immediately so as to facilitate early settlement. This initial conference shall be held within 30 days hereof, if convenient to Judge Segal.

Court enters the following scheduling order·

1. All fact and expert discovery shall be COMPLETED by no later than February 1, 2008.
2. The parties shall designate any expert witnesses, and make the required disclosures, by no later than January 2, 2008, and do likewise for any rebuttal expert witnesses by no later than January 16, 2008.
3. The parties shall comply with Local Rule 16-15 by no later than February 14, 2008.
4. Any dispositive motion shall be filed in full compliance with the Local Rules, as well as the Court's Order Re: Summary Judgment Motions issued concurrently herewith, by no later than March 11, 2008, and noticed for hearing thereafter regularly under the Local Rules.

The court will set pre-trial conference and trial dates, if necessary, after resolution of the dispositive motion, if any

**IT IS SO ORDERED.**

DOCKETED ON CM
OCT 2, 2007
BY 111

(19)

**cc: Judge Segal**

00 : 26

Initials of Preparer Bea

# EXHIBIT B

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2760-GHK(SSx) | Date | MARCH 21, 2008 |
|---|---|---|---|
| Title | HARRY J. BINDER, et al. vs. DISABILITY GROUP, INC., et al. | | |

**Presiding: The Honorable** **GEORGE H. KING, U. S. DISTRICT JUDGE**

| Beatrice Herrera | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| (NONE) | (NONE) |

**Proceedings:** ORDER RE: EXTENSION OF SCHEDULING DATES

This matter is before us on the parties' stipulation for extension of scheduling dates filed on March 10, 2008. We rule as follows:

1. All fact and expert discovery shall be COMPLETED by no later than June 21, 2008.

2. The parties shall designate their expert witnesses, and make the required disclosures, by no later than May 21, 2008, and do likewise for any rebuttal expert witnesses by no later than June 5, 2008. Any failure to comply with these required disclosures may result in the exclusion of any such expert witnesses from any testimony at trial or on summary judgment motion(s).

3. The parties shall conduct a follow-up settlement conference before Judge Suzanne Segal by no later than May 30, 2008. If the case settles, counsel shall notify the court clerk forthwith. If the case does not settle, counsel shall file a Joint Status Report with the court setting forth the status of the case.

4. Any dispositive motion shall be filed by no later than July 30, 2008 in full compliance with the Local Rules and the Court's October 4, 2007 Order Re: Summary Judgment. Any failure to comply strictly with the foregoing shall result in either the striking of the offending motion, or the denial of such motion.

NO FURTHER EXTENSIONS WILL BE GRANTED.

IT IS SO ORDERED.

cc: Judge Suzanne Segal

_____ : _____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2760-GHK(SSx) | Date | MARCH 21, 2008 |
|---|---|---|---|
| Title | HARRY J. BINDER, et al. vs. DISABILITY GROUP, INC., et al. | | |

Initials of Preparer AB for Bea

# EXHIBIT C

EXHIBIT C                    40

LODGED

Kenneth G. Parker (SBN 182911)
kparker@tlpfirm.com
Robert G. Loewy (SBN 179868)
rloewy@tlpfirm.com
TEUTON, LOEWY & PARKER, LLP
3121 Michelson Drive, Suite 250
Irvine, California 92612
Telephone: (949) 442-7100
Facsimile: (949) 442-7105

Attorneys for Plaintiffs

2007 NOV 13 PM 1:57

FILED
CLERK, U.S. DISTRICT COURT
NOV 26 2007
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

COPY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

HARRY J. BINDER, an individual; CHARLES E. BINDER, an individual; Binder and Binder- The National Social Security Disability Advocates, LLC, a limited liability company; Binder and Binder- The National Social Security Disability Advocates (CA) LLC, a limited liability company; Binder and Binder- The National Social Security Disability Advocates (NY) LLC, a limited liability company; Binder and Binder- The National Social Security Disability Advocates (NJ) LLC, a limited liability company; Binder and Binder- The National Social Security Disability Advocates (PA) LLC, a limited liability company; Binder and Binder- The National Social Security Disability Advocates (NC) LLC, a limited liability company; Binder and Binder- The National Social Security Disability Advocates (FL) LLC, a limited liability company; Binder and Binder- The National Social Security Disability Advocates (TX) LLC, a limited liability company; Binder and Binder- The National Social Security Disability Advocates (IL) LLC, a limited liability company; and Law Offices - Binder and Binder, P.C., a professional corporation.

Plaintiffs,

vs.

DISABILITY GROUP, INC., a corporation; RONALD MILLER, an individual; and DOES 1 to 10, inclusive,

Defendant.

**Case No.: CV 07-02760-GHK (SSx)**

**FIRST AMENDED COMPLAINT FOR:**

**(1) TRADEMARK INFRINGEMENT (LANHAM ACT)**
**(2) FALSE REPRESENTATION (LANHAM ACT)**
**(3) TRADEMARK DILUTION**
**(4) INJURY TO BUSINESS REPUTATION AND DILUTION [Cal. Bus. & Prof. Code §14330]**
**(5) COMMON LAW UNFAIR COMPETITION**

Plaintiffs, Harry J. Binder, Charles E. Binder, Binder and Binder- The National Social Security Disability Advocates, LLC, Binder and Binder- The National Social Security Disability Advocates (CA) LLC, Binder and Binder- The National Social Security Disability Advocates (NY) LLC, Binder and Binder- The National Social Security Disability Advocates (NJ) LLC, Binder and Binder- The National Social Security Disability Advocates (PA) LLC, Binder and Binder- The National Social Security Disability Advocates (NC) LLC, Binder and Binder- The National Social Security Disability Advocates (FL) LLC, Binder and Binder- The National Social Security Disability Advocates (TX) LLC, Binder and Binder- The National Social Security Disability Advocates (IL) LLC, and Law Offices - Binder and Binder, P.C., by their undersigned attorneys, Teuton, Loewy & Parker LLP, for their Complaint allege as follows:

## NATURE OF CASE

1. Plaintiffs, Harry J. Binder and Charles E. Binder, are the co-owners of the federally registered marks BINDER AND BINDER and BINDER & BINDER under which, through affiliated entities, including, Binder and Binder- The National Social Security Disability Advocates, LLC, Binder and Binder- The National Social Security Disability Advocates (CA) LLC, Binder and Binder- The National Social Security Disability Advocates (NY) LLC, Binder and Binder- The National Social Security Disability Advocates (NJ) LLC, Binder and Binder- The National Social Security Disability Advocates (PA) LLC, Binder and Binder- The National Social Security Disability Advocates (NC) LLC, Binder and Binder- The National Social Security Disability Advocates (FL) LLC, Binder and Binder- The National Social Security Disability Advocates (TX) LLC, Binder and Binder- The National Social Security Disability Advocates (IL) LLC, and Law Offices - Binder and Binder, P.C., it has been providing for many years nationwide legal, paralegal and non-attorney advocacy services in the field of social security disability benefits. The defendant,

Disability Group, Inc., operates a similar business and is a direct competitor of Plaintiffs. In deliberate disregard of Plaintiffs' intellectual property rights, Defendant Disability Group, Inc. under the direction of its President and Co-defendant Ronald Miller, purchased internet "keywords" which are identical to certain of Plaintiffs' trademarks. The search results generated upon entering the Plaintiffs' name and mark includes a link to Defendant's website under the infringing heading Binder & Binder. Consumers who use these search engines to find Plaintiffs' services are unwittingly diverted to their competitor's website. By this intentional unfair and deceitful conduct, Defendants have infringed and diluted Plaintiffs' trademarks.

## JURISDICTION AND VENUE

2. This is an action arising under the Lanham Act, 15 U.S.C. §§ 1114(1)(a), 1125(a), and 1125(c). This Court has federal question jurisdiction over these claims pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331, 1338(a) and 1338(b).

3. The Court has subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).

4. Defendants are subject to the personal jurisdiction of this Court because, among other things, a substantial part of the events giving rise to this litigation occurred in the State of California.

5. In addition, Defendants are subject to the personal jurisdiction of this Court because, among other things, upon information and belief each of the Defendants is subject to California's long-arm statute.

6. In addition, Defendants are subject to the personal jurisdiction of this Court because, among other things, upon information and belief each of the Defendants has transacted and presently is transacting business in the State of California.

7.     Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) because a substantial part of the events giving rise to the claims occurred in this district and, upon information and belief, the Defendants are residents of this district.

**PARTIES**

8.     Harry J. Binder is a U.S. citizen having offices located at 300 Rabro Drive, Hauppauge, New York 11788.

9.     Charles E. Binder is a U.S. citizen having offices located at 300 Rabro Drive, Hauppauge, New York 11788.

10.     Binder and Binder- The National Social Security Disability Advocates, LLC, is a limited liability company organized under the laws of the state of Delaware with a principal place of business located at 300 Rabro Drive, Hauppauge, New York 11788.

11.     Binder and Binder- The National Social Security Disability Advocates (CA) LLC is a limited liability company organized under the laws of the state of California with a principal place of business located at 4000 West Metropolitan Drive, Suite 350, Orange, CA 92868.

12.     Binder and Binder- The National Social Security Disability Advocates (NY) LLC is a limited liability company organized under the laws of the state of New York with a principal place of business located at 300 Rabro Drive, Hauppauge, NY 11788.

13.     Binder and Binder- The National Social Security Disability Advocates (NJ) LLC is a limited liability company organized under the laws of the state of New Jersey with a principal place of business located at 11 Eves Drive, Suite 130, Marlton, NJ 08053.

14.     Binder and Binder- The National Social Security Disability Advocates (PA) LLC is a limited liability company organized under the laws of the state of Pennsylvania with a principal place of business located at 1800 John F. Kennedy

Blvd., Suite 604, Philadelphia, PA 19103.

15. Binder and Binder- The National Social Security Disability Advocates (NC) LLC is a limited liability company organized under the laws of the state of North Carolina with a principal place of business located at 3200 Atlantic Avenue, Suite 112, Raleigh, NC 27604.

16. Binder and Binder- The National Social Security Disability Advocates (FL) LLC is a limited liability company organized under the laws of the state of Florida with a principal place of business located at 4511 North Himes Avenue, Suite 160, Tampa, FL 33614.

17. Binder and Binder- The National Social Security Disability Advocates (TX) LLC is a limited liability company organized under the laws of the state of Texas with a principal place of business located at 8111 Lyndon B. Johnson Freeway, Suite 700, Dallas, TX 75251.

18. Binder and Binder- The National Social Security Disability Advocates (IL) LLC is a limited liability company organized under the laws of the state of Illinois with a principal place of business located at 33 North LaSalle, Suite 1910, Chicago, IL 60602.

19. Law Offices - Binder and Binder, P.C. is a professional corporation organized under the laws of the state of New York with a principal place of business located at 300 Rabro Drive, Hauppauge, New York 11788.

20. Disability Group, Inc., upon information and belief, is a California corporation with a principal place of business at 2530 Wilshire Blvd., Suite 200, Santa Monica, California.

21. Ronald Miller is an individual and upon information and belief is President of Disability Group, Inc. with a principal place of business at 2530 Wilshire Blvd., Suite 200, Santa Monica, California.

22. Plaintiffs are ignorant of the true names and capacities of Defendants Does 1-10, inclusive, and therefore sue these Defendants by fictitious names.

Plaintiffs will amend this complaint to allege these Defendants' true names and capacities once ascertained.

23. Plaintiffs are informed and believe and on that basis allege that each of the Defendants is the agent, employee, affiliate, partner or alter ego of the other and each is responsible in some manner for the unlawful conduct herein alleged.

## FACTUAL BACKGROUND

### A. Plaintiffs' Trademarks

24. Harry J. Binder and Charles E. Binder are co-owners of the federally registered marks "BINDER & BINDER" and "BINDER AND BINDER".

25. Plaintiffs', through affiliated entities, including, Binder and Binder- The National Social Security Disability Advocates, LLC, Binder and Binder- The National Social Security Disability Advocates (CA) LLC, Binder and Binder- The National Social Security Disability Advocates (NY) LLC, Binder and Binder- The National Social Security Disability Advocates (NJ) LLC, Binder and Binder- The National Social Security Disability Advocates (PA) LLC, Binder and Binder- The National Social Security Disability Advocates (NC) LLC, Binder and Binder- The National Social Security Disability Advocates (FL) LLC, Binder and Binder- The National Social Security Disability Advocates (TX) LLC, Binder and Binder- The National Social Security Disability Advocates (IL) LLC, and Law Offices - Binder and Binder, P.C., have been and continue to provide legal, paralegal and non-attorney advocacy services in the field of social security disability benefits in the United States.

26. Plaintiffs, through affiliated entities, have provided the aforesaid services under the mark BINDER AND BINDER since 1979 and under "BINDER & BINDER" since 1995.

27. Plaintiffs, through affiliated entities, promote its legal, paralegal and non-attorney advocacy services, including providing aid in the preparation and filing

of government forms via a website, toll-free number, and regional offices located throughout the United States.

28.     Since at least as early as 1979 and long prior to the acts of the Defendants complained of herein, Plaintiffs adopted and used, and has continued to use through affiliated entities, the names and marks BINDER AND BINDER and, more recently, BINDER & BINDER (hereinafter collectively identified as "BINDER & BINDER MARKS") in connection with legal, paralegal and non-attorney advocacy services relating to the field of social security disability benefits, including providing aid in the preparation and filing of government forms and related services which have been provided in interstate commerce in the United States, including the State of California.

29.     Since the adoption and first use of the BINDER & BINDER MARKS as aforesaid, Plaintiffs have continuously used said marks by prominently displaying it on advertising for Plaintiffs' services, which have been advertised, promoted, offered for sale and sold in interstate commerce in the United States, including the State of California.

30.     Plaintiffs are the co-owners of and have the exclusive rights to use the following trademarks registered with the United States Patent and Trademark Office which are valid and subsisting:

| Mark Reg. | Reg. Number | Reg. Date |
|---|---|---|
| BINDER AND BINDER | 2,161,479 | 6/2/1998 |
| BINDER & BINDER | 2,161,478 | 6/2/1998 |
| BINDER & BINDER | 2,109,191 | 10/28/1997 |

(True and accurate copies of these registrations are attached hereto as Exhibit A.)

31.     The names BINDER & BINDER and BINDER AND BINDER comprises a distinctive part of Plaintiffs' company title and trade name, which trade name has been prominently displayed by Plaintiff in connection with the services provided under the BINDER & BINDER MARKS.

32.     Since long prior to the acts of the Defendants complained of herein, Plaintiffs' legal, paralegal, non-attorney advocacy and related services, including providing aid in the preparation and filing of government forms provided under the BINDER & BINDER MARKS, have been extensively advertised and promoted by Plaintiffs in interstate commerce throughout the United States, including the State of California.

33.     Plaintiffs aforesaid advertising has generated significant sales in the United States of Plaintiffs' legal, paralegal and non-attorney advocacy services, provided under the BINDER & BINDER MARKS since their original adoption and use.

34.     Plaintiffs have been careful, skillful and meticulous in the conduct of their business offering legal, paralegal, non-attorney advocacy and related services, including providing aid in the preparation and filing of government forms under the BINDER & BINDER MARKS.

35.     As a consequence, and as a result of the substantial sales and extensive advertising and promotion of Plaintiffs' legal, paralegal and non-attorney advocacy services, including providing aid in the preparation and filing of government forms, Plaintiffs' services, provided under the BINDER & BINDER MARKS have acquired a fine reputation, and are famous among prospective clients in the United States, including the State of California.  The public has used and now uses the BINDER & BINDER MARKS to identify Plaintiffs and its legal, paralegal and non-attorney advocacy services and to distinguish Plaintiffs and its services from the services offered by others.  The BINDER & BINDER MARKS have acquired an outstanding celebrity as a source of quality legal, paralegal and non-attorney advocacy services and symbolizes and embodies the goodwill rightfully belonging exclusively to Plaintiffs.

## B.     The Internet And the World Wide Web

36.     The Internet is a global network of millions of interconnected computers. The World Wide Web is a portion of the Internet especially suited to displaying images and sound, in addition to text.  Much of the information on the World Wide Web is stored in the form of "webpages," which can be accessed through a computer connected to the Internet (available through commercial Internet service providers or "ISPs"), and viewed using a computer program called a "browser," such as Microsoft Internet Explorer or Netscape Navigator.  "Websites" are locations on the World Wide Web containing a collection of webpages.  A website is identified by its own unique Uniform Resource Locator ("URL") (e.g. http://www.binderandbinder.com), which ordinarily incorporates its site's "domain name" (e.g. "Binder & Binder").

37.     Upon information and belief, among Internet users in the United States, it is estimated that thirty-nine percent (39%) currently use the Internet to make online purchases.

38.     Upon information and belief, it is estimated that, today, annual sales of goods and services over the Internet exceed $92 billion.

## C.     The Business Of Plaintiffs

39.     Plaintiffs, through their affiliated entities, have devoted substantial resources each year advertising the BINDER & BINDER MARKS, including advertising in the Yellow Pages, on search engines such as Yahoo, Google, MSN, on national television and radio, and through thousands of direct mailings distributed throughout the United States.

40.     For example, Plaintiffs, through their affiliated entities, advertise its goods and services under the BINDER & BINDER MARKS on national television on, inter alia, the CBS, NBC, ABC, FOX, CNN, and DISCOVERY Networks.

41.     Today, Plaintiffs, through their affiliated entities, have thousands of clients on file nationwide which has generated substantial annual revenues.

42. Since 1999, Plaintiffs, through an affiliated entity, have continuously operated a distinctive Internet website by which the company advertises its legal, paralegal and non-attorney advocacy services under the BINDER and BINDER trademarks.

43. Today, Plaintiffs own many Internet domain names, including, e.g., www.binderandbinder.com.

44. Accordingly, if a consumer using an Internet web browser types in the company's URLs - for example, if a consumer types www.binderandbinder.com in his or her web browser address bar - the consumer is directed to Plaintiffs' website where he or she can view its offering of services.

45. A significant and critical amount of Plaintiffs' solicitations is conducted via the Internet. The company estimates that, each day, it receives in excess of 2,000 visits by customers or potential customers to its Internet website and their website currently generates about 4,000 confirmed new clients annually.

46. Plaintiffs, through their affiliated entities, have devoted substantial resources in developing, maintaining, enhancing and updating its website.

**D.     The Business Of Defendant Disability Group, Inc. and Ronald Miller**

47. Disability Group Inc., upon information and belief, provides social security disability and supplemental security income benefit legal, paralegal and non-attorney advocacy services.

48. Disability Group Inc. is a direct competitor of Plaintiffs.

**E.     Defendant's Acts**

49. Disability Group, Inc. has purchased keywords comprised, in whole or in part, of the BINDER & BINDER MARKS.

50. Disability Group, Inc. has used the BINDER & BINDER MARKS as a

heading to link to Defendant's website.

51. Upon information and belief, Defendant Ronald Miller has authority and control over the products and services offered by Disability Group, Inc. and willfully and intentionally directed the infringement of the BINDER & BINDER MARKS by his company, Disability Group Inc., which tortuous acts were committed within this judicial district.

52. Defendant Ronald Miller admitted to Plaintiff Harry Binder that the reason the firm purchased the keywords and displayed the heading was because of the high volume of hits to Plaintiffs' website.

**F. Harm To Plaintiff**

53. Plaintiffs have not given the Defendants permission or a license to utilize the BINDER & BINDER MARKS for the promotion or sale of its services.

54. Defendants, direct competitors of Plaintiffs, seek to exploit the hard-earned popularity and success of the Plaintiffs and the services rendered by the Plaintiffs and the Plaintiffs' affiliated entities, Binder and Binder- The National Social Security Disability Advocates, LLC, Binder and Binder- The National Social Security Disability Advocates (CA) LLC, Binder and Binder- The National Social Security Disability Advocates (NY) LLC, Binder and Binder- The National Social Security Disability Advocates (NJ) LLC, Binder and Binder- The National Social Security Disability Advocates (PA) LLC, Binder and Binder- The National Social Security Disability Advocates (NC) LLC, Binder and Binder- The National Social Security Disability Advocates (FL) LLC, Binder and Binder- The National Social Security Disability Advocates (TX) LLC, Binder and Binder- The National Social Security Disability Advocates (IL) LLC, and Law Offices - Binder and Binder, P.C., under the famous BINDER & BINDER MARKS.

55. In an attempt to illegally capitalize on the BINDER & BINDER MARKS, Defendants, Plaintiffs' competitors, purchased and use advertising

keywords so that their website is listed in a position above or next to Plaintiff's link when a consumer types a search query identical or substantially similar to the BINDER & BINDER MARKS.

56.     For example, a consumer can run a search on Google's main search engine or the Froogle search engine for "Binder & Binder" one of Plaintiffs' registered marks, with the obvious intent of locating and visiting Plaintiffs' website. Nonetheless, the first link shown on the Google and Froogle search "results" page is to Defendant, Disability Group, Inc. (as shown in, Exhibit B hereof).  As a result thereof, Defendants will have obtained a customer, or potential customer, solely as a result of the goodwill and reputation associated with the Plaintiffs and their products and services.

57.     Defendants' use and purchase of the keyword is deceptive and misleads consumers into believing falsely that the website links to which they are directed via manipulated search "results" links are sponsored or authorized by and/or originating from Plaintiffs, the trademark owner for which the user was searching.

58.     The manipulated search "results" engineered by the Defendants fail to inform the consumers that the companies listed therein may have no relationship with - and, indeed, may directly compete with Plaintiffs - the trademark owner for which the user was searching.

59.     The manipulated search engine "results," which are in fact advertisements purchased by Defendants based on a search utilizing the BINDER & BINDER MARKS, dilute the ability of the BINDER & BINDER MARKS to identify Plaintiffs as a source of its goods and services.

## FIRST CAUSE OF ACTION

### Lanham Act - Trademark Infringement

60.     Plaintiffs incorporate herein by reference each and every allegation contained in paragraphs 1 through 59 with the same force and effect as if here fully

set forth.

61. Defendants' unauthorized and willful use of copies, variations, reproductions, simulations or colorable imitations of Plaintiffs' registered marks among the BINDER & BINDER MARKS in connection with the advertising, offering for sale and using Plaintiff's mark in keyword advertising services constitutes use in commerce which infringes Plaintiffs' exclusive rights in its federally-registered marks and is likely to cause confusion, mistake, or deception as to the source of the services which are the subject of the keyword advertising used by Defendants.

62. The aforesaid acts of Defendants, namely, the unauthorized and willful use of copies, variations, reproductions, simulations or colorable imitations of Plaintiffs' registered marks in connection with the purchase and use of keyword advertising, constitutes trademark infringement in violation of Section 32(1) of Lanham Act, 15 U.S.C. § 1114(1).

63. The aforesaid acts of Defendants have caused and, unless said acts are restrained by this Court, will continue to cause the Plaintiffs to suffer irreparable injury.

64. Plaintiffs have no adequate remedy at law.

**SECOND CAUSE OF ACTION**

**Lanham Act - False Representation**

65. Plaintiffs incorporate herein by reference each and every allegation contained in paragraphs 1 through 64 with the same force and effect as if here fully set forth.

66. Use by Defendants of copies, variations, reproductions, simulations or colorable imitations of the BINDER & BINDER MARKS on and in connection with keyword advertising conveys the misleading commercial impression to the public that the advertisers other than the Plaintiffs listed in the manipulated search "results"

pages, or their products, are approved by, sponsored by or are somehow affiliated or connected with Plaintiffs.

67. The aforesaid acts of Defendants, namely, the purchase and use of copies, variations, reproductions, simulations or colorable imitations of the BINDER & BINDER MARKS on and in connection with keyword advertising, constitutes a false designation of origin and false description and representation, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

68. The aforesaid acts of Defendants have caused and, unless said acts are restrained by this court, will continue to cause Plaintiffs to suffer irreparable injury.

69. Plaintiffs have no adequate remedy at law.

## THIRD CAUSE OF ACTION

### Lanham Act - Dilution

70. Plaintiffs incorporate herein by reference each and every allegation contained in paragraphs 1 through 69 with the same force and effect as if here fully set forth.

71. Use by Defendants of copies, variations, reproductions, simulations or colorable imitations of the BINDER & BINDER MARKS in connection with the use and purchasing of keyword advertising services has and will continue to lessen the capacity of Plaintiffs' famous and distinctive BINDER & BINDER MARKS to distinguish Plaintiffs' services from those of others, and has diluted the distinctive quality of Plaintiffs' famous and distinctive BINDER & BINDER MARKS.

72. The aforesaid acts of Defendants constitute dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. §1125(c).

73. The aforesaid acts of Defendants have caused and, unless said acts are restrained by this Court, will continue to cause the Plaintiffs to suffer irreparable injury.

74. Plaintiffs have no adequate remedy at law.

## FOURTH CAUSE OF ACTION

**Injury to Business Reputation and Dilution - Cal. Bus. & Prof. Code §14330**

75. Plaintiffs incorporate herein by reference each and every allegation contained in paragraphs 1 through 74 with the same force and effect as if here fully set forth.

76. The unauthorized use by Defendants of copies, variations, reproductions, simulations or colorable imitations of Plaintiffs' registered marks among the BINDER & BINDER MARKS in connection with the purchase and use of keyword advertising services will dilute or tarnish Plaintiffs' business reputation and/or the effectiveness of the well-known, famous and distinctive BINDER & BINDER MARKS.

77. The aforesaid acts of Defendants constitute dilution and injury to Plaintiffs' business reputation in violation of California Business & Profession Code §14330.

78. The aforesaid acts of Defendants have caused and, unless said acts are restrained by this Court, will continue to cause Plaintiffs to suffer irreparable injury.

79. Plaintiffs have no adequate remedy at law.

## FIFTH CAUSE OF ACTION

**Common Law - Unfair Competition**

80. Plaintiffs incorporate herein by reference each and every allegation contained in paragraphs 1 through 80 with the same force and effect as if here fully set forth.

81. The aforesaid acts of Defendants constitute passing of trademark infringement and unfair competition in violation of Plaintiffs' rights under the common law of the State of California.

82. The aforesaid acts of Defendants have caused and, unless said acts are restrained by this Court, will continue to cause Plaintiffs to suffer irreparable injury.

83. Plaintiffs have no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, as to all counts of this Complaint, Plaintiffs request:

A. A permanent injunction prohibiting Defendants and their officers, partners, agents, subcontractors, servants, employees, subsidiaries and related companies or entities, and all others acting in concern or participating with them from:

1. Purchasing keywords that are identical or substantially similar to the BINDER & BINDER MARKS, which are likely to cause consumer confusion, mistake, or deception with respect to the BINDER & BINDER MARKS;

2. Making any use of the BINDER & BINDER MARKS and/or terms confusingly similar thereto which is likely to confuse consumers into believing that the services subject of Defendants' keyword advertising is sponsored by, affiliated with, or otherwise tacitly endorsed by the Plaintiffs and/or which is likely to dilute the distinctive and famous BINDER & BINDER MARKS;

3. Making any designations of origin, descriptions, representations or suggestions that Plaintiffs are the source, sponsor or in any way affiliated with Defendants, their products or their websites; and

4. Engaging in any other act constituting unfair competition or deceptive practices with Plaintiffs and their affiliated entities or constituting an infringement of Plaintiffs' rights in and to the BINDER & BINDER MARKS.

B. That Defendants be required to reimburse Plaintiffs' for all actual damages and lost sales suffered by Plaintiffs by reason of Defendants' illegal conduct, as well as any profits of Defendants that are attributable to Defendants' unfair competition, dilution and infringement not taken into account in computing the actual damages, and that punitive damages be awarded as authorized under the law.

C. That Defendants be required to pay all of Plaintiffs' attorneys' fees, expenses and costs associated with this action pursuant to the Lanham Act, 15 U.S.C. §1117; and

D. That this Court grant such other and further relief as this Court may deem just and equitable.

Dated: April 19, 2007

TEUTON, LOEWY & PARKER LLP
KENNETH G. PARKER
ROBERT G. LOEWY

By: ______________________
Kenneth G. Parker
Attorneys for Plaintiffs

Counsel:
Thomas M. Galgano (TG4621)
GALGANO & ASSOCIATES, PLLC
20 W. Park Avenue, Suite 204
Long Beach, New York 11561
(516) 431-1177



Case 2:07-cv-02706-GHK-SS Document 52-2 Filed 05/13/08 Page 24 of 118 Page ID #:243

United States Patent and Trademark Office

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System(Tess)

*TESS was last updated on Wed Apr 25 04:19:25 EDT 2007*

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP

Logout Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

TARR Status | ASSIGN Status | TDR | TTAB Status ***( Use the "Back" button of the Internet Browser to return to TESS)***

### Typed Drawing

| | |
|---|---|
| **Word Mark** | BINDER AND BINDER |
| **Goods and Services** | IC 042. US 100 101. G & S: legal and paralegal services, including providing aid in the preparation and filing of government forms. FIRST USE: 19790000. FIRST USE IN COMMERCE: 19790000 |
| **Mark Drawing Code** | (1) TYPED DRAWING |
| **Design Search Code** | |
| **Serial Number** | 75201494 |
| **Filing Date** | November 6, 1996 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | March 10, 1998 |
| **Registration Number** | **2161479** |
| **Registration Date** | June 2, 1998 |
| **Owner** | (REGISTRANT) BINDER and BINDER composed of CHARLES E. BINDER and CHARLES E. BINDER, both U.S. citizens PARTNERSHIP NEW YORK 1500 NEW YORK AVE HUNTINGTON STATION NEW YORK 11746<br><br>(LAST LISTED OWNER) BINDER, CHARLES E. INDIVIDUAL UNITED STATES 1600 NEW YORK AVENUE HUNTINGTON STATION NEW YORK 11746<br><br>(LAST LISTED OWNER) BINDER, HARRY J. INDIVIDUAL UNITED STATES 1600 NEW YORK AVENUE HUNTINGTON STATION NEW YORK 11746 |
| **Assignment Recorded** | ASSIGNMENT RECORDED |
| **Attorney of Record** | THOMAS M GALGANO |

**Exhibit A**

18

Case 2:07-cv-02706-GHK-SS Document 52-2 Filed 05/13/08 Page 25 of 118 Page ID #:244

| | |
|---|---|
| **Prior Registrations** | 1792070 |
| **Type of Mark** | SERVICE MARK |
| **Register** | PRINCIPAL-2(F) |
| **Affidavit Text** | SECT 15. SECT 8 (6-YR). |
| **Live/Dead Indicator** | LIVE |

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP

| .HOME | SITE INDEX | SEARCH | eBUSINESS | HELP | PRIVACY POLICY

United States Patent and Trademark Office

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

# Trademarks > Trademark Electronic Search System(Tess)

*TESS was last updated on Wed Apr 25 04:19:25 EDT 2007*

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP

Logout Please logout when you are done to release system resources allocated for you.

## Record 1 out of 1

TARR Status | ASSIGN Status | TDR | TTAB Status *( Use the "Back" button of the Internet Browser to return to TESS)*




| | |
|---|---|
| **Word Mark** | BINDER & BINDER |
| **Goods and Services** | IC 016. US 002 005 022 023 029 037 038 050. G & S: prints and publications, namely, pamphlets, brochures, newsletters and bulletins concerning legal issues. FIRST USE: 19951000. FIRST USE IN COMMERCE: 19951000<br><br>IC 042. US 100 101. G & S: legal and paralegal services, including providing aid in the preparation and filing of government forms. FIRST USE: 19951000. FIRST USE IN COMMERCE: 19951000 |
| **Mark Drawing Code** | (5) WORDS, LETTERS, AND/OR NUMBERS IN STYLIZED FORM |
| **Design Search Code** | |
| **Serial Number** | 75201495 |
| **Filing Date** | November 6, 1996 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | August 5, 1997 |
| **Registration Number** | **2109191** |
| **Registration Date** | October 28, 1997 |
| **Owner** | (REGISTRANT) BINDER and BINDER composed of HARRY .J BINDER and CHARLES E. BINDER, both U.S. citizens PARTNERSHIP NEW YORK 2805 Veterans Highway RONKONKOMA NEW YORK 11779 |

20 60

| | |
|---|---|
| | (LAST LISTED OWNER) BINDER, CHARLES E. INDIVIDUAL UNITED STATES 1600 NEW YORK AVENUE HUNTINGTON STATION NEW YORK 11746 |
| | (LAST LISTED OWNER) BINDER, HARRY J. INDIVIDUAL UNITED STATES 1600 NEW YORK AVENUE HUNTINGTON STATION NEW YORK 11746 |
| **Assignment Recorded** | ASSIGNMENT RECORDED |
| **Attorney of Record** | THOMAS M GALGANO |
| **Prior Registrations** | 1792070 |
| **Type of Mark** | TRADEMARK. SERVICE MARK |
| **Register** | PRINCIPAL |
| **Affidavit Text** | SECT 15. SECT 8 (6-YR). |
| **Live/Dead Indicator** | LIVE |

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP

| .HOME | SITE INDEX | SEARCH | eBUSINESS | HELP | PRIVACY POLICY



Case 2:07-cv-02706-GHK-SS Document 52-37 Filed 05/13/08 Page 28 of 118 Page ID #:247

United States Patent and Trademark Office

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

Trademarks > Trademark Electronic Search System(Tess)

*TESS was last updated on Wed Apr 25 04:19:25 EDT 2007*

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP

Logout Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

TARR Status | ASSIGN Status | TDR | TTAB Status ***( Use the "Back" button of the Internet Browser to return to TESS)***

## Typed Drawing

| | |
|---|---|
| **Word Mark** | BINDER & BINDER |
| **Goods and Services** | IC 016. US 002 005 022 023 029 037 038 050. G & S: prints and publications, namely, pamphlets, brochures, newsletters and bulletins concerning legal issues. FIRST USE: 19951000. FIRST USE IN COMMERCE: 19951000<br><br>IC 042. US 100 101. G & S: legal and paralegal services, including providing aid in the preparation and filing of government forms. FIRST USE: 19951000. FIRST USE IN COMMERCE: 19951000 |
| **Mark Drawing Code** | (1) TYPED DRAWING |
| **Design Search Code** | |
| **Serial Number** | 75201492 |
| **Filing Date** | November 6, 1996 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | March 10, 1998 |
| **Registration Number** | **2161478** |
| **Registration Date** | June 2, 1998 |
| **Owner** | (REGISTRANT) BINDER and BINDER composed of HARRY J. BINDER and CHARLES E. BINDER, both U.S. citizens PARTNERSHIP NEW YORK 1500 NEW YORK AVE HUNTINGTON STATION NEW YORK 11746<br><br>(LAST LISTED OWNER) BINDER, CHARLES E. INDIVIDUAL UNITED STATES 1600 NEW YORK AVENUE HUNTINGTON STATION NEW YORK 11746<br><br>(LAST LISTED OWNER) BINDER, HARRY J. INDIVIDUAL UNITED STATES 1600 NEW YORK AVENUE HUNTINGTON STATION NEW YORK 11746 |

22

Trademark Electronic Search System (TESS)

Page 2 of 2

Case 2:07-cv-02760-GHK-SS Document 52-2 Filed 05/13/08 Page 29 of 118 Page ID #:248

| | |
|---|---|
| **Assignment Recorded** | ASSIGNMENT RECORDED |
| **Attorney of Record** | THOMAS M GALGANO |
| **Prior Registrations** | 1792070 |
| **Type of Mark** | TRADEMARK. SERVICE MARK |
| **Register** | PRINCIPAL-2(F) |
| **Affidavit Text** | SECT 15. SECT 8 (6-YR). |
| **Live/Dead Indicator** | LIVE |

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP

| .HOME | SITE INDEX | SEARCH | eBUSINESS | HELP | PRIVACY POLICY

23

63

http://tess2.uspto.gov/bin/showfield?f=doc&state=iog5uf.5.1

4/25/2007

Sign in

Google

**Web** Images Video News Maps **more »**

binder and binder [Search] Advanced Search Preferences

The "AND" operator is unnecessary -- we include all search terms by default. [details]

**Web** Results **1** - **10** of about **15,100,000** for **binder and binder**. (**0.08** seconds)

Sponsored Links

Disabled? Social Security
DisabilityGroup.com We win 8 out of 10 cases. No fee unless you win. Free case review.

**Binder And Binder**
SocialSecurityDisability411.com Disability Benefits Explained No fee unless we win your case

Tip: Save time by hitting the return key instead of clicking on "search"

**Binder** & **Binder**
Social Security Disability Advocates. **Binder** & **Binder** is America's Most Successful Social Security Disability Advocates. Free Social Security Disability ...
www.**binder**and**binder**.com/ - 78k - Cached - Similar pages

Frequently asked questions about Office **Binder** 97
Answers frequently asked questions about Office **Binder** 97.
support.microsoft.com/?kbid=843147 - Similar pages

Save on **Binder**: Pockets. Discount Office Supplies: **Binder**: Pockets
Price List of **Binder**: Pockets products we have available. ... **Binder** Pockets offer a heavy .008mm clear matte vinyl body and an all-plastic zipper with ...
www.office1000.com/discount/**binder**-pockets.html - 23k - Cached - Similar pages

**binder**-connectors - **Binder**, connector, circular connector - [ Translate this page ]
Marktführern im Bereich Rundsteckverbinder | Steckverbinder, Industrierundsteckverbinder, Steckverbindungen für die Automatisierungstechnik und ...
www.**binder**-connector.de/e/index.html - 3k - Cached - Similar pages

**Binder**, Heinz - **Binder** & Malter, LLP - Santa Clara, CA, 95050 ...
Come to Citysearch to get information, directions, and reviews on **Binder**, Heinz - **Binder** & Malter, LLP and other Yellow Pages in Santa Clara.
siliconvalley.citysearch.com/profile/
38266357/santa_clara_ca/**binder**_heinz_**binder**_malter_llp.html - 33k -
Cached - Similar pages

SIL Bibliography: **Binder and Binder** 1974
SIL bibliography listing for **Binder and Binder** 1974.
www.ethnologue.com/show_work.asp?id=10271 - 7k - Cached - Similar pages

Recipe **Binder** - Compare Prices, Reviews and Buy at NexTag - Price ...
Recipe **Binder** - 23 results like the WELLSPRING MEDIA Recipe Book **Binder**, WESTPORTSTYLE Betty Crocker From the Heart Recipe **Binder**, WESTPORTSTYLE Market ...
www.nextag.com/recipe-**binder**/search-html - 81k - Cached - Similar pages

Abdominal **Binder**
Abdominal **Binder** Price Range $12.00 - $58.00. ... Abdominal **Binder** - Abdominal **Binder** - Ideal for extra abdominal support, often used after surgery.... More ...
www.shopping.com/xPO-Abdominal_**Binder** - 48k - Cached - Similar pages

**Exhibit B**

Sign in

Google

Web Images Video News Maps more »

binder and binder [Search] Advanced Search Preferences

The "AND" operator is unnecessary -- we include all search terms by default. [details]

## Web

Results **1** - **10** of about **15,100,000** for **binder and binder**. (**0.09** seconds)

Sponsored Link

**Binder And Binder**
SocialSecurityDisability411.com Disability Benefits Explained No fee unless we win your case

Sponsored Links

Disabled? Social Security
We win 8 out of 10 cases. No fee unless you win. Free case review.
DisabilityGroup.com

Tip: Save time by hitting the return key instead of clicking on "search"

**Binder & Binder**

Social Security Disability Advocates. **Binder & Binder** is America's Most Successful Social Security Disability Advocates. Free Social Security Disability ...
www.**binder**and**binder**.com/ - 78k - Cached - Similar pages

Frequently asked questions about Office **Binder** 97

Answers frequently asked questions about Office **Binder** 97.
support.microsoft.com/?kbid=843147 - Similar pages

Save on **Binder**: Pockets. Discount Office Supplies: **Binder**: Pockets

Price List of **Binder**: Pockets products we have available. ... **Binder** Pockets offer a heavy .008mm clear matte vinyl body and an all-plastic zipper with ...
www.office1000.com/discount/**binder**-pockets.html - 23k - Cached - Similar pages

**binder**-connectors - **Binder**, connector, circular connector - [ Translate this page ]

Marktführern im Bereich Rundsteckverbinder | Steckverbinder, Industrierundsteckverbinder, Steckverbindungen für die Automatisierungstechnik und ...
www.**binder**-connector.de/e/index.html - 3k - Cached - Similar pages

**Binder**, Heinz - **Binder** & Malter, LLP - Santa Clara, CA, 95050 ...

Come to Citysearch to get information, directions, and reviews on **Binder**, Heinz - **Binder** & Malter, LLP and other Yellow Pages in Santa Clara.
siliconvalley.citysearch.com/profile/ 38266357/santa_clara_ca/**binder**_heinz_**binder**_malter_llp.html - 33k - Cached - Similar pages

SIL Bibliography: **Binder and Binder** 1974

SIL bibliography listing for **Binder and Binder** 1974.
www.ethnologue.com/show_work.asp?id=10271 - 7k - Cached - Similar pages

Recipe **Binder** - Compare Prices, Reviews and Buy at NexTag - Price ...

Recipe **Binder** - 23 results like the WELLSPRING MEDIA Recipe Book **Binder**, WESTPORTSTYLE Betty Crocker From the Heart Recipe **Binder**, WESTPORTSTYLE Market ...
www.nextag.com/recipe-**binder**/search-html - 81k - Cached - Similar pages

Abdominal **Binder**

Abdominal **Binder** Price Range $12.00 - $58.00. ... Abdominal **Binder** - Abdominal **Binder** - Ideal for extra abdominal support, often used after surgery.... More ...
www.shopping.com/xPO-Abdominal_**Binder** - 48k - Cached - Similar pages

binder and binder - Froogle - Microsoft Internet Explorer

File Edit View Favorites Tools Help

Address http://froogle.google.com/froogle?q=binder+and+binder&hl=en&btnG=Search

Links Binder & Binder | Veteran's Advocacy Project | Dehaan Busse Binder & Binder, LLP | Binder Newsletter | National Disability Advocates

yhnulk@binderandbinder.com | My Shopping List | Search History | My Account | Sign out

Froogle beta

Web Images Video New! News Maps more »

binder and binder [Search] Advanced Froogle Search Preferences

Results for binder and binder — Results 1 - 10 of about 194,110. (0.10 seconds)

| Price range | Brands | Stores | Seller rating | Related searches |
|---|---|---|---|---|
| Under $9 | ACCO | Google Checkout Stores | 4 stars and up | cd binder and case |
| $9 - $20 | Avery | CompUSA | 3 stars and up | binder accessories and holders |
| $20 - $40 | Cardinal | eBay | 2 stars and up | clipboard and binder |
| $40 - $70 | Sparco | OfficeMax | Has a rating | binder with handle and shoulder strap |
| Over $70 | Wilson | Staples.com | More » | archival box binder with 3 rings and handle |
| $ to $ [Go] | More » | Walgreens.com | | |
| | | More » | | |

Show grid view | Sort by relevance

Search for binder and binder near you [Enter your zip or city, state] [Go]

Anglers Zip-All Ring Binder Pockets
Anglers Company Ltd.: Zip All Ring Binder Pocket. Anglers Zip-All Ring Binder Pockets - Binder Pockets offer a heavy -
Add to Shopping List
Business Supply ★★★★★ 45 seller ratings All items from seller — $1.67

Anglers Zip-All Ring Binder Pockets
Anglers Company Ltd.: Zip All Ring Binder Pocket. Anglers Zip-All Ring Binder Pockets - Binder Pockets offer a heavy -
Add to Shopping List
Business Supply ★★★★★ 48 seller ratings All items from seller — $2.04

FEL48110 Liberty Binder-Pak Corrugated Box, 4 Capacity ...
BINDER-PAK Corrugated Box, 4 Capacity, 8-1/2 x 11 Sheet Size. LIBERTY BINDER-PAK Recycled Storage Boxes Basic StrengthFor light-duty stacking ...
Add to Shopping List
On Time Supplies All items from seller — $13.09

Data Binder Handles, Binder Channels
... of binders equipped with Handles (ACC50126/50129), sold separately. Order one for each binder. Black Plastic From the Binders Department.
Add to Shopping List
SHOP.COM All items from seller — $6.88

Stafford Sewn Vinyl Business Card File Binder, Ring ...
Durable heavy-duty 1" ring binder keeps business cards organized and within easy reach. View up to 20 cards at one time. ...
Add to Shopping List
BuyOnlineNow.com - O... All items from seller — $27.42

Sponsored Links

Disabled? Social Security
We win 8 out of 10 cases. No fee unless you win. Free case review.
DisabilityGroup.com

Binder And Binder
Disability Benefits Explained
No fee unless we win your case
SocialSecurityDisability411.com

http://froogle.google.com/froogle?hl=en&tbnG=Search&lmode=online&q=archival+box+binder+with+3+rings+and+handle&btnG=... Internet

26

# EXHIBIT D

Kenneth G. Parker (SBN 182911)
kparker@tlpfirm.com
Robert G. Loewy (SBN 179868)
rloewy@tlpfirm.com
TEUTON, LOEWY & PARKER LLP
3121 Michelson Drive, Suite 250
Irvine, California 92612
Telephone: (949) 442-7100
Facsimile: (949) 442-7105

Thomas M. Galgano (*Pro Hac Vice*)
tmgalgano@rcn.com
GALGANO & ASSOCIATES, PLLC
20 W. Park Avenue, Suite 204
Long Beach, New York 11561
(516) 431-1177

Attorneys for Plaintiffs
HARRY J. BINDER & CHARLES E. BINDER

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| HARRY J. BINDER, an individual; and CHARLES E. BINDER, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>DISABILITY GROUP, INC., a corporation; RONALD MILLER, an individual; and DOES 1 to 10, inclusive,<br><br>Defendant. | **Case No.: CV 07-02760-GHK (SSx)**<br><br>Hon. George King, Judge<br>Courtroom 650<br><br>PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANTS |

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Harry J. Binder and Charles E. Binder ("Plaintiffs") hereby request that Disability Group, Inc. and Ronald Miller ("Defendants") produce the documents and things requested below for inspection and copying at the offices of Kenneth G. Parker, Esq., Teuton, Loewy & Parker LLP, 3121 Michelson Drive, Suite 250, Irvine, California 92612, or at such other place as agreed upon by the parties within thirty (30) days from the date of service.

**DEFINITIONS**

1. The term "BINDER & BINDER TRADEMARKS" means the mark of each or any combination, in whole or in part, of U.S. Trademark Registration Nos. 2,161,479; 2,161,478 and 2,109,191.

2. "Defendants" or "Disability" means Disability Group, Inc. and/or Ronald Miller, its divisions and any parent, subsidiary, affiliate, licensee, franchisee, successor, predecessor in interest, assignor, assignee or other related business entity, and the predecessors of any of them and every current or former officer, employee, agent or other person acting or purporting to act on their behalf.

3. "Plaintiffs" means Harry J. Binder and Charles E. Binder, any parent, subsidiary, affiliate, licensee, franchisee, successor, predecessor in interest, assignor, assignee or other related business entity, and the predecessors of any of them, and every current or former officer, employee, agent or other person acting or purporting to act on their behalf.

4. The term "Plaintiffs' Website" means the website http://www.binderandbinder.com.

5. The term "Defendants' Website" means the website www.socialsecuritydisability411.com.

6. The term "Complaint" means the Complaint in the action of Harry J. Binder and Charles E. Binder v. Disability Group, Inc. and Ronald Miller, Civil Action No. CV 07-02760-GHK (SSx).

7. The term "survey" means all surveys, polls, focus groups, market research studies and other investigations conducted by or on behalf of Plaintiff, whether or not such investigations were completed, discontinued or fully carried out.

8. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

9. "Person" means any natural person or any business, legal or governmental entity or association, including but not limited to corporations, partnerships, sole proprietorships or any other form of private, public or governmental organization or unit.

10. The term "Document" shall have the meaning ascribed to it under Rule 34 of the Federal Rules of Civil Procedure, and shall include, without limitation, writings, drawings, graphs, charts, photographs, videos, computer programs, computer data bases, e-mail messages, phonorecords, electronic or computerized data compilations and other data compilations from which information can be obtained. A draft or non-identical copy is a separate document within the meaning of this term.

11. As used herein, "identify" or to "state the identity of" means:

(a) In the case of a person who is an individual: to state the full name, present or last known residence or address (designating which) and present or last known position or business affiliation (designating which); job title; employment address; business and residence telephone numbers of each individual;

(b) In the case of a company, partnership, corporation, proprietorship, association, or other organization or entity, to state: the full name and present or last known address and telephone number; the legal form of such entity or organization; the identity of its chief executive officer; and the identity of the person or persons having knowledge of the matter with respect to which the company is named;

(c) In the case of an act, to state: a description of that act; when it occurred; where it occurred; the identity of the person or persons performing said act (or in the case of an omission, the identity of the person or persons failing to act); the identity of all persons who have knowledge, information or belief about the act; when the act or omission first became known;

(d) In the case of an oral communication, to state: the date, subject matter, communicator, communicatee, nature of communication, whether it was recorded, and the identity of any witness thereto;

(e) In the case of a document, to state the type of document; the general subject matter; the identity of the person or persons who prepared it; the sender and recipient, if any; the title or a description of the general nature of its subject; the date of preparation; the date and manner of distribution and publication, if any; the location of each copy and the identity of the present custodian; the identity of the person or persons who can identify it; the contents of the document verbatim; and if privilege is claimed, the specific basis therefore. In lieu of the foregoing, a copy of the document may be supplied.

12. Each interrogatory or request shall be read to be inclusive rather than exclusive. Accordingly, including means including without limitation The word all includes any and vice versa. The word "or" includes "and" and "vice versa." The past tense includes the present tense and vice versa. The masculine form of any word includes the feminine form and vice versa.

13. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

14. The terms "all" and "each" shall be construed as "all and each".

15. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

16. The use of the singular form of any word includes the plural and vice versa.

**INSTRUCTIONS**

1. Whenever Defendants believes that any statement or description in these requests may be interpreted in more than one way, it must either raise the issue of interpretation with Plaintiffs before the return date, or adopt whatever interpretation will result in a more complete answer and the identification and production of more documents.

2. To the extent that any of the following interrogatories or document requests may call for information or documents subject to a claim of privilege or attorney work product, provide a substantive response for so much of each interrogatory or request and each part thereof as does not request privileged or confidential information. With respect to those portions of these interrogatories or requests that do request privileged information, set forth the basis for the claim of privilege or any other objection there may be.

3. For the convenience of the Court and the parties, each interrogatory and request should be quoted in full immediately preceeding the response.

4. These discovery requests are intended to be continuing within the scope and meaning of the Federal Rules of Civil Procedure. If, at any time after you prepare and furnish the requested discovery you ascertain or acquire additional information, you are requested to produce such supplemental information to Plaintiff within thirty (30) days.

5. Each person responding to these interrogatories is required to furnish responsive information within that person's knowledge or the personal knowledge of its attorneys, agents, employees or other representatives.

6. Each person responding to document requests is required to furnish responsive documents within that person's possession, custody or control or within the possession, custody or control of its attorneys, agents, employees or other representatives and the documents shall be produced as they are kept in the usual

course of business or shall be organized and labeled to correspond to the document request or requests to which they are responsive.

7. Each objection, if any, shall be set forth with specificity and shall include a statement of the grounds for the objection.

8. If any document requested to be identified or produced has been destroyed, provide the following additional information as to each such document:

(a) the date of destruction;

(b) the reason for the destruction;

(c) the identification of the person who destroyed the document; and

(d) the identification of any person who directed that the document be destroyed.

9. If any interrogatory cannot be answered in full, respond to the extent possible, specifying the reasons for the inability to respond to the remainder of the interrogatory, and state whatever information or knowledge is available concerning the unanswered portion.

10. If any responsive information, communication or document is withheld on the basis of any claim of privilege, identify such information, communication or document withheld, state the privilege being relied upon or claimed and the basis for the claim, and identify all person(s) who have had access to such information, communication or document.

11. Defendants are to supplement their responses to all discovery requests as required by Fed. R. Civ. Proc. 26(e).

**Request No. 1**

All Documents identified in response to Plaintiffs First Set of Interrogatories to Defendants.

**Request No. 2**

All Documents previously produced bearing Bates Nos. dg-001 to dg-201 containing the unredacted information and computer records from which they were generated.

**Request No. 3**

(a) All Documents concerning the nature of the actual promotional materials for goods and services offered for sale under the BINDER & BINDER TRADEMARKS, in whole or in part, in connection with Defendants' services, including, but not limited to, any brochures, commercials, newspaper articles, magazine advertisements, Internet advertisements websites, internet search engines, or other promotional materials in which Defendants' purchased keywords, displayed a heading linking to the Defendants' Website, or otherwise used or displayed in connection with the Defendants' Website; and (b) All Documents identifying the specific media (e.g., Google.com, Time magazine, CBS network TV, New York Times) and date on which such advertising and promotional material has appeared.

**Request No. 4**

Copies of all of Defendants' actual or proposed advertisements, internet advertisements, and websites, or other promotional materials containing or bearing the BINDER & BINDER TRADEMARKS.

**Request No. 5**

All Documents concerning whether Defendants had seen or otherwise had knowledge of the Plaintiffs' Website, commercials, brochures, information, or any other material bearing the BINDER & BINDER TRADEMARKS with a prior to the purchase of internet keywords or use or display of the BINDER & BINDER TRADEMARKS in connection with Defendants' Website.

**Request No. 6**

All Documents concerning Plaintiffs, the BINDER & BINDER TRADEMARKS, Plaintiffs' Website and goods or services offered by Plaintiffs, under the BINDER & BINDER TRADEMARKS.

**Request No. 7**

All Documents concerning the Defendants' knowledge of the BINDER & BINDER TRADEMARKS and of Plaintiffs' Website.

**Request No. 8**

All Documents concerning the use or proposed use of the BINDER & BINDER TRADEMARKS or any variant thereof by Defendant.

**Request No. 9**

All Documents concerning Defendants' first awareness of Plaintiffs, Binder and Binder and/or the BINDER & BINDER TRADEMARKS.

**Request No. 10**

All Documents concerning the volume of hits and traffic on Plaintiffs' Website.

**Request No. 11**

All Documents concerning the volume of hits and traffic on Defendants' Website from 2004 to the present.

**Request No. 12**

All Documents concerning Defendants' knowledge of the popularity and success of the Plaintiffs, the services rendered by Plaintiffs under the BINDER & BINDER TRADEMARKS, and Plaintiffs' Website.

**Request No. 13**

All Documents concerning any survey or investigation conducted regarding Plaintiffs, Defendants or the BINDER & BINDER TRADEMARKS.

**Request No. 14**

Documents sufficient to identify any inquiry, ranking, search, and the results obtained from such, regarding the link popularity or website popularity of the Plaintiffs' Website.

**Request No. 15**

Documents sufficient to identify Defendants' current and past employees and agents primarily responsible for Defendants' activities concerning selecting internet keywords drafting internet advertisement, or otherwise in connection with internet advertising or promotion, and these person s respective roles therein.

**Request No. 16**

All Documents concerning the consideration, selection, adoption, and/or purchase by Defendant of the BINDER & BINDER TRADEMARKS, in whole or in

part, as internet keywords, as a heading to link to Defendants' Website, or otherwise display or use in connection with Defendants' Website, including those relating to the reasons or decision for their use.

**Request No. 17**

All Documents concerning the date and manner of first use of the BINDER & BINDER TRADEMARKS by Defendant.

**Request No. 18**

All Documents concerning any investigation, market research, survey and/or search conducted by or on behalf of Defendant in connection with Defendants' adoption display and use of the BINDER & BINDER TRADEMARKS in connection with Defendants' Website.

**Request No. 19**

All Documents in Defendants' possession reflecting the use of Binder with an ® symbol.

**Request No. 20**

All Documents concerning Defendants' advertising programs with any website search engine company in connection with the BINDER & BINDER TRADEMARKS.

**Request No. 21**

All Documents concerning the proposed and submitted internet keywords or ad text to appear in the Google search results in Exhibit B of the Complaint and the persons responsible for the selection, revision, and implementation of the Ad text or keywords.

**Request No. 22**

All Documents concerning Defendants' dealings with Google, Inc. in connection with the BINDER & BINDER TRADEMARKS.

**Request No. 23**

All Documents concerning Defendants' expenditures for all advertisement and promotion which included the BINDER & BINDER TRADEMARKS and any summaries thereof.

**Request No. 24**

All Documents which contain the BINDER & BINDER TRADEMARKS or refer to Binder and Binder, Harry J. Binder, and/or Charles E. Binder.

**Request No. 25**

All Documents concerning any protest or objection made or received by or on behalf of Defendant involving the BINDER & BINDER TRADEMARKS and search results generated by or containing the BINDER & BINDER TRADEMARKS.

**Request No. 26**

All market research, surveys, studies, investigations, opinions and other documents concerning consumer recognition of the BINDER & BINDER TRADEMARKS or concerning any confusion or likelihood of confusion arising from use of those marks and any other marks, including the BINDER & BINDER TRADEMARKS.

**Request No. 27**

All Documents concerning any instances of actual confusion, mistake or deception, as to source, sponsorship, or affiliation, relating in any way to any use of the BINDER & BINDER TRADEMARKS, including but not limited to all documents concerning the receipt of misdirected mail, email, telephone calls, orders, inquiries, or complaints received by Defendants, but possibly or clearly intended for Plaintiffs.

**Request No. 28**

All Documents concerning any inquiry as to whether Defendant is affiliated with Plaintiff.

**Request No. 29**

All Documents concerning any communications with Defendants' employees or agents regarding the BINDER & BINDER TRADEMARKS.

**Request No. 30**

Documents sufficient to show the number of users who clicked on the search results linking to Defendants' Website in Exhibit B of the Complaint.

**Request No. 31**

Documents sufficient to show the number of users who viewed the search results generated in Exhibit B of the Complaint.

**Request No. 32**

Documents sufficient to show the number of cases retained during the time period when the BINDER & BINDER TRADEMARKS were used as keywords or otherwise appeared in search results for Defendant.

**Request No. 33**

Documents sufficient to show the number of cases retained as a result of the BINDER & BINDER TRADEMARKS being utilized in connection with Defendants' Website.

**Request No. 34**

All Documents concerning Defendants' total sales of goods/services as a result of the BINDER & BINDER TRADEMARKS in terms of both dollars and cases retained since the date of first use of the BINDER & BINDER TRADEMARKS.

**Request No. 35**

All Documents sufficient to show the total annual revenue of Disability Group, Inc. since 2002.

**Request No. 36**

All Documents sufficient to show the monthly revenue of Disability Group, Inc. from 2005 to the present.

**Request No. 37**

All Documents concerning any expert witness retained for this lawsuit, including but not limited to, all documents concerning the qualifications or experience of the witness, publications authored by any such expert witness, and all treatises, learned texts and any other documents upon which the expert witness will base his testimony.

**Request No. 38**

All Documents summarizing or otherwise concerning any conversation or communication Defendants or any of Defendants' employees has had with any person regarding this action.

**Request No. 39**

All Documents and things Defendants intend to use at trial.

**Request No. 40**

All Documents concerning this action which mention or refer to Plaintiffs.

**Request No. 41**

All Documents concerning communications between Plaintiffs and Defendants.

**Request No. 42**

All Documents received by Defendants from third parties pertaining to the subject of this lawsuit.

**Request No. 43**

All Documents concerning referrals to other attorneys as a result of the Ad appearing in Exhibit B of the Complaint.

**Request No. 44**

All Documents concerning fees obtained as a result of the referrals in Request No. 43.

**Request No. 45**

All Documents concerning the November 2, 2006 telephone conversation between Harry J. Binder and Ronald Miller.

**Request No. 46**

All Documents concerning, supporting, refuting, reflecting or otherwise pertaining to the Defendants' First Affirmative Defense.

**Request No. 47**

All Documents concerning, supporting, refuting, reflecting or otherwise pertaining to the Defendants' Second Affirmative Defense.

**Request No. 48**

All Documents concerning, supporting, refuting, reflecting or otherwise pertaining to the Defendants' Third Affirmative Defense.

**Request No. 49**

All Documents concerning, supporting, refuting, reflecting or otherwise pertaining to the Defendants' Fourth Affirmative Defense.

**Request No. 50**

All Documents concerning, supporting, refuting, reflecting or otherwise pertaining to the Defendants' Fifth Affirmative Defense.

**Request No. 51**

All Documents concerning, supporting, refuting, reflecting or otherwise pertaining to the Defendants' Sixth Affirmative Defense.

**Request No. 52**

All Documents concerning, supporting, refuting, reflecting or otherwise pertaining to the Defendants' Seventh Affirmative Defense.

**Request No. 53**

All Documents concerning, supporting, refuting, reflecting or otherwise pertaining to the Defendants' Eighth Affirmative Defense.

**Request No. 54**

All Documents concerning, supporting, refuting, reflecting or otherwise pertaining to the Defendants' Ninth Affirmative Defense.

**Request No. 55**

All Documents concerning, supporting, refuting, reflecting or otherwise pertaining to the Defendants' Tenth Affirmative Defense.

**Request No. 56**

All Documents concerning, supporting, refuting, reflecting or otherwise pertaining to the Defendants' Eleventh Affirmative Defense.

**Request No. 57**

All Documents concerning, supporting, refuting, reflecting or otherwise pertaining to the Defendants' Twelfth Affirmative Defense.

**Request No. 58**

All Documents concerning, supporting, refuting, reflecting or otherwise pertaining to the Defendants' Thirteenth Affirmative Defense.

**Request No. 59**

All Documents concerning, supporting, refuting, reflecting or otherwise pertaining to the Defendants' Fourteenth Affirmative Defense.

**Request No. 60**

All Documents concerning, supporting, refuting, reflecting or otherwise pertaining to the Defendants' Fifteenth Affirmative Defense.

**Request No. 61**

All Documents concerning, supporting, refuting, reflecting or otherwise pertaining to the Defendants' Sixteenth Affirmative Defense.

**Request No. 62**

All Documents concerning, supporting, refuting, reflecting or otherwise pertaining to the Defendants' Seventeenth Affirmative Defense.

**Request No. 63**

All Documents concerning, supporting, refuting, reflecting or otherwise pertaining to the Defendants' Eighteenth Affirmative Defense.

///

///

///

///

///

///

///

///

///

**Request No. 64**

All Documents concerning www.allsup.com in regard to the BINDER & BINDER TRADEMARKS.

Dated: October 9, 2007

TEUTON, LOEWY & PARKER LLP
KENNETH G. PARKER
ROBERT G. LOEWY

By: ______________________
Kenneth G. Parker
Attorneys for Plaintiffs HARRY J. BINDER & CHARLES E. BINDER

Counsel:
Thomas M. Galgano (TG 4621)
GALGANO & ASSOCIATES, PLLC

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and am not a party to the within action; my business address is 3121 Michelson Drive, Suite 250, Irvine, California 92612.

On **October 9, 2007**, I served a true and correct copy of the document(s) described as **PLAINTIFFS' FIRST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANTS** on interested parties in this action by placing true copies thereof enclosed in sealed envelopes as set forth below:

Matthew Kohn
844 25th Street
Santa Monica, CA 90403
Fax: (310) 828-9590

Ronald D. Miller
2917 Santa Monica Blvd.
Santa Monica, CA 90404
Fax: (310) 829-0010

☐ **(By U.S. Mail)** I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit. I deposited such envelope(s) with postage thereon fully prepaid to be placed in the United States Mail at Irvine, California as indicated above.

☐ **(By Facsimile)** I served a true and correct copy by facsimile pursuant to C.C.P. 1013(e), calling for agreement and written confirmation of that agreement or court order, to the number(s) listed above or on attached sheet. Said transmission was reported complete and without error.

☐ **(By Electronic Delivery)** I served a true and correct copy by electronic delivery pursuant to C.C.P. 1010.6, calling for agreement to accept service by electronic delivery, to the interested parties in this action as indicated above or on an attached service list.

☐ **(By Hand Delivery)** I caused such document(s) to be delivered by hand to the office of the addressee(s) as indicated above.

☒ **(By Express Service)** I served a true and correct copy enclosed in a sealed package, for collection and for delivery marked for next day delivery in the ordinary course of business, addressed to the office of the addressee(s) as indicated above.

☒ **(FEDERAL)** I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on **October 9, 2007**, at Irvine, California.

Jayne Riedel

# EXHIBIT E

Ronald D. Miller (SBN 170221)
(rmiller@disabilitygroup.com)
Matt Kohn (SBN 97660) of Counsel
(mattkohn@msn.com)
2917 Santa Monica Boulevard
Santa Monica, California 90404
Telephone: (310) 829-5100
Fax: (310) 829-0010

Attorney for Defendants
DISABILITY GROUP INC.;
RONALD MILLER

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

HARRY J. BINDER, an individual; and CHARLES E. BINDER, an individual,

Plaintiffs,

vs.

DISABILITY GROUP, INC., a corporation; RONALD MILLER, an individual; and DOES 1 to 10, inclusive,

Defendant.

**Case No.: CV 07-02760-GHK (SSx)**

Hon. George King, Judge
Courtroom 650

DEFENDANTS' RESPONSE TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS

**Request No. 1:** All Documents identified in response to Plaintiffs First Set of Interrogatories to Defendants.

**Response No. 1:** None were identified.

---

**Request No. 2:** All Documents previously produced with Bates Nos. dg-001 to dg-201 containing the unredacted information and computer records from which they were generated.

**Response No. 2**: Any such documents that are unredacted are attorney work-product. Any such redacted information on previously produced records, relate and refer to privileges held and controlled by third parties that are "doctor-patient," "right of privacy of personal medical information," and "attorney-client."

---

**Request No. 3:** (a) All Documents concerning the nature of the actual promotional materials for goods and services offered for sale under the BINDER & BINDER TRADEMARKS, in whole or in part, in connection with Defendants' services, including, but not limited to, any brochures, commercials, newspaper articles, magazine advertisements, Internet advertisements websites, internet search engines, or other promotional materials in which Defendants' purchased keywords, displayed a heading linking to the Defendants' Website, or otherwise used or displayed in connection with the Defendants' Website; and (b) All Documents identifying the specific media (e.g., Google.com, Time magazine, CBS network TV, New York Times) and date on which such advertising and promotional material has appeared.

**Response No. 3**: None can be identified and none exist.

---

**Request No. 4:** Copies of all of Defendants' actual or proposed advertisements, internet advertisements, and websites, or other promotional materials containing or bearing the BINDER & BINDER TRADEMARKS.

**Response No. 4**: None can be identified and none exist.

---

**Request No. 5:** All Documents concerning whether Defendants had seen or otherwise had knowledge of the Plaintiffs' Website, commercials, brochures, information, or any other material bearing the BINDER & BINDER TRADEMARKS with a prior to the purchase of internet keywords or use or display of the BINDER & BINDER TRADEMARKS in connection with Defendants' Website.

**Response No. 5**: None exist.

---

**Request No. 6:** All Documents concerning Plaintiffs, the BINDER & BINDER TRADEMARKS, Plaintiffs' Website and goods or services offered by Plaintiffs, under the BINDER & BINDER TRADEMARKS.

**Response No. 6**: None can be identified and none exist.

---

**Request No. 7:** All Documents concerning the Defendants' knowledge of the BINDER & BINDER TRADEMARKS and of Plaintiffs' Website.

**Response No. 7**: None exist.

---

**Request No. 8:** All Documents concerning the use or proposed use of the BINDER & BINDER TRADEMARKS or any variant thereof by Defendant.

**Response No. 8**: None can be identified and none exist other that documents previously produced by Michael Vincent during his Aug. 29th deposition.

---

**Request No. 9:** All Documents concerning Defendants' first awareness of Plaintiffs, Binder and Binder and/or the BINDER & BINDER TRADEMARKS.

**Response No. 9**: None can be identified and none exist.

---

**Request No. 10:** All Documents concerning the volume of hits and traffic on Plaintiffs' Website.

**Response No. 10**: None can be identified.

---

**Request No. 11:** All Documents concerning the volume of hits and traffic on Defendants' Website from 2004 to the present.

**Response No. 11**: Documents previously produced with Bates nos. DG-283 to DG-315; and documents previously produced by Michael Vincent during his Aug. 29th deposition.

---

**Request No. 12:** All Documents concerning Defendants' knowledge of the popularity and success of the Plaintiffs, the services rendered by Plaintiffs under the BINDER & BINDER TRADEMARKS, and Plaintiffs' Website.

**Response No. 12**: Document with Bates no. DG-319 is attached hereto.

---

**Request No. 13:** All Documents concerning any survey or investigation conducted regarding Plaintiffs, Defendants or the BINDER & BINDER TRADEMARKS.

**Response No. 13**: None can be identified and none exist.

---

**Request No. 14:** Documents sufficient to identify any inquiry, ranking, search, and the results obtained from such, regarding the link popularity or website popularity of the Plaintiffs' Website.

**Response No. 14**: None can be identified and none exist.

---

**Request No. 15:** Documents sufficient to identify Defendants' current and past employees and agents primarily responsible for Defendants' activities concerning selecting internet keywords drafting internet advertisement, or otherwise in connection with internet advertising or promotion, and these person s respective roles therein.

**Response No. 15**: Documents previously produced Bates nos. DG-193.

---

**Request No. 16:** All Documents concerning the consideration, selection, adoption, and/or purchase by Defendant of the BINDER & BINDER TRADEMARKS, in whole or in part, as internet keywords, as a heading to link to Defendants' Website, or otherwise display or use in connection with Defendants' Website, including those relating to the reasons or decision for their use.

**Response No. 16**: None can be identified and none exist.

---

**Request No. 17:** All Documents concerning the date and manner of first use of the BINDER & BINDER TRADEMARKS by Defendant.

**Response No. 17**: Documents previously produced with Bates nos. DG-195 to DG-201.

---

**Request No. 18:** All Documents concerning any investigation, market research, survey and/or search conducted by or on behalf of Defendant in connection with Defendants' adoption display and use of the BINDER & BINDER TRADEMARKS in connection with Defendants' Website.

**Response No. 18**: None can be identified and none exist.

---

**Request No. 19:** All Documents in Defendants' possession reflecting the use of Binder with an ® symbol.

**Response No. 19**: None can be identified and none existed in defendants' possession prior to Nov. 2, 2006, documents with Bates no. DG-320 and DG-321 are attached hereto.

---

**Request No. 20:** All Documents concerning Defendants' advertising programs with any website search engine company in connection with the BINDER & BINDER TRADEMARKS.

**Response No. 20**: Documents previously produced with Bates nos. DG-195 to DG-201; DG-283 to DG-315; DG-322 to DG-323 (attached hereto); DG-220, DG-221, + DG-221.1; and other documents previously produced by Michael Vincent during his Aug. 29th deposition.

---

**Request No. 21:** All Documents concerning the proposed and submitted internet keywords or ad text to appear in the Google search results in Exhibit B of the Complaint and the persons responsible for the selection, revision, and implementation of the Ad text or keywords.

**Response No. 21**: Documents previously produced by Michael Vincent during his Aug. 29th deposition.

---

**Request No. 22:** All Documents concerning Defendants' dealings with Google, Inc. in connection with the BINDER & BINDER TRADEMARKS.

**Response No. 22**: Documents previously produced with Bates nos. DG-195 to DG-201; DG-220, DG-221, + DG-221.1; and other documents previously produced by Michael Vincent during his Aug. 29th deposition.

---

**Request No. 23:** All Documents concerning Defendants' expenditures for all advertisement and promotion which included the BINDER & BINDER TRADEMARKS and any summaries thereof.

**Response No. 23**: Documents previously produced with Bates nos. DG-220, DG-221, + DG-221.1.

---

**Request No. 24:** All Documents which contain the BINDER & BINDER TRADEMARKS or refer to Binder and Binder, Harry J. Binder, and/or Charles E. Binder.

**Response No. 24**: None can be identified and none exist.

---

**Request No. 25:** All Documents concerning any protest or objection made or received by or on behalf of Defendant involving the BINDER & BINDER TRADEMARKS and search results generated by or containing the BINDER & BINDER TRADEMARKS.

**Response No. 25**: None can be identified and none exist.

---

**Request No. 26:** All market research, surveys, studies, investigations, opinions and other documents concerning consumer recognition of the BINDER & BINDER TRADEMARKS or concerning any confusion or likelihood of confusion arising from use of those marks and any other marks, including the BINDER & BINDER TRADEMARKS.

**Response No. 26**: None can be identified and none exist.

---

**Request No. 27:** All Documents concerning any instances of actual confusion, mistake or deception, as to source, sponsorship, or affiliation, relating in any way to any use of the BINDER & BINDER TRADEMARKS, including but not limited to all documents concerning the receipt of

misdirected mail, email, telephone calls, orders, inquiries, or complaints received by Defendants, but possibly or clearly intended for Plaintiffs.

**Response No. 27**: None can be identified and none exist.

---

**Request No. 28:** All Documents concerning any inquiry as to whether Defendant is affiliated with Plaintiff.

**Response No. 28**: None can be identified and none exist.

---

**Request No. 29:** All Documents concerning any communications with Defendants' employees or agents regarding the BINDER & BINDER TRADEMARKS.

**Response No. 29**: None can be identified and none exist.

---

**Request No. 30:** Documents sufficient to show the number of users who clicked on the search results linking to Defendants' Website in Exhibit B of the Complaint.

**Response No. 30**: None can be identified specific to Exhibit B of the Complaint, which has since been superseded as a matter of law.

---

**Request No. 31:** Documents sufficient to show the number of users who viewed the search results generated in Exhibit B of the Complaint.

**Response No. 31**: None can be identified specific to Exhibit B of the Complaint, which has since been superseded as a matter of law.

---

**Request No. 32:** Documents sufficient to show the number of cases retained during the time period when the BINDER & BINDER TRADEMARKS were used as keywords or otherwise appeared in search results for Defendant.

**Response No. 32**: Documents previously produced with Bates nos. DG-001 to DG-192; DG-216 to DG-219.

---

**Request No. 33:** Documents sufficient to show the number of cases retained as a result of the BINDER & BINDER TRADEMARKS being utilized in connection with Defendants' Website.

**Response No. 33**: Document previously produced with Bates nos. DG-001 to DG-192; DG-216 to DG-219.

---

**Request No. 34:** All Documents concerning Defendants' total sales of goods/services as a result of the BINDER & BINDER TRADEMARKS in terms of both dollars and cases retained since the date of first use of the BINDER & BINDER TRADEMARKS.

**Response No. 34**: Document previously produced with Bates nos. DG-216 to DG-219.

---

**Request No. 35:** All Documents sufficient to show the total annual revenue of Disability Group, Inc. since 2002.

**Response No. 35**: Documents previously produced and others with Bates nos. DG-194 to G-201; DG-216 to DG-219; DG-220, DG-221, + DG-221.1 (Google AdWord charges); DG-283 to DG-315 (Google monthly totals of "Clicks" recorded from Mar. 2005 through Oct. 2007); DG-316; together with documents with Bates no. DG-316 (as revised and attached hereto); DG-317 (attached hereto); DG-319 (attached hereto). As to all such documents, they should be made confidentially available to the parties' expert consultants in order to accurately determine accounting issues, lost earnings, etc.

---

**Request No. 36:** All Documents sufficient to show the monthly revenue of Disability Group, Inc. from 2005 to the present.

**Response No. 36**: Documents previously produced and others with Bates nos. DG-194 to G-201; DG-216 to DG-219; DG-220, DG-221, + DG-221.1 (Google AdWord charges); DG-283 to DG-315 (Google monthly totals of "Clicks" recorded from Mar. 2005 through Oct. 2007); DG-316; together with documents with Bates no. DG-316 (as revised and attached hereto); DG-317 (attached hereto); DG-319 (attached hereto). As to all such documents, they should be made confidentially available to the parties' expert consultants in order to accurately determine accounting issues, lost earnings, etc.

---

**Request No. 37:** All Documents concerning any expert witness retained for this lawsuit, including but not limited to, all documents concerning the qualifications or experience of the witness, publications authored by any such expert witness, and all treatises, learned texts and any other documents upon which the expert witness will base his testimony.

**Response No. 37**: None can be identified and none exist.

---

**Request No. 38:** All Documents summarizing or otherwise concerning any conversation or communication Defendants or any of Defendants' employees has had with any person regarding this action.

**Response No. 38**: None can be identified and none exist.

---

**Request No. 39:** All Documents and things Defendants intend to use at trial.

**Response No. 39**: None can be identified at this date and prior to pre-trial meeting of counsel other than those documents previously, presently, and prospectively to be produce.

---

**Request No. 40:** All Documents concerning this action which mention or refer to Plaintiffs.

**Response No. 40**: None can be identified in this overbroad category other than documents previously and presently produced.

---

**Request No. 41:** All Documents concerning communications between Plaintiffs and Defendants.

**Response No. 41**: None can be identified and no such pre-filing documents exist.

---

**Request No. 42:** All Documents received by Defendants from third parties pertaining to the subject of this lawsuit.

**Response No. 42**: None can be identified and none exist.

---

**Request No. 43:** All Documents concerning referrals to other attorneys as a result of the Ad appearing in Exhibit B of the Complaint.

**Response No. 43**: None can be identified and none exist.

---

**Request No. 44:** All Documents concerning fees obtained as a result of the referrals in Request No. 43.

**Response No. 44**: None can be identified and none exist.

---

**Request No. 45:** All Documents concerning the November 2, 2006 telephone conversation between Harry J. Binder and Ronald Miller.

**Response No. 45**: None can be identified and none exist.

---

**Request No. 46:** All Documents concerning, supporting, refuting, reflecting or otherwise pertaining to the Defendants' First Affirmative Defense.

**Response No. 46**: defendants have identified a few such documents and will produce them.

---

**Request No. 47:** All Documents concerning, supporting, refuting, reflecting or otherwise pertaining to the Defendants' Second Affirmative Defense.

**Response No. 47**: defendants have identified a few such documents and will produce them.

---

**Request No. 48:** All Documents concerning, supporting, refuting, reflecting or otherwise pertaining to the Defendants' Third Affirmative Defense.

**Response No. 48**: defendants have identified documents and will produce them, and documents previously produced Bates Nos. DG-201 to DG-215.

---

**Request No. 49:** All Documents concerning, supporting, refuting, reflecting or otherwise pertaining to the Defendants' Fourth Affirmative Defense.

**Response No. 49**: None can be identified and none exist.

---

**Request No. 50:** All Documents concerning, supporting, refuting, reflecting or otherwise pertaining to the Defendants' Fifth Affirmative Defense.

**Response No. 50**: None can be identified and none exist.

---

**Request No. 51:** All Documents concerning, supporting, refuting, reflecting or otherwise pertaining to the Defendants' Sixth Affirmative Defense.

**Response No. 51**: None can be identified and none exist.

---

**Request No. 52:** All Documents concerning, supporting, refuting, reflecting or otherwise pertaining to the Defendants' Seventh Affirmative Defense.

**Response No. 52**: defendants have identified a few such documents and will produce them.

---

**Request No. 53:** All Documents concerning, supporting, refuting, reflecting or otherwise pertaining to the Defendants' Eighth Affirmative Defense.

**Response No. 53**: defendants have identified a few such documents and will produce them.

---

**Request No. 54:** All Documents concerning, supporting, refuting, reflecting or otherwise pertaining to the Defendants' Ninth Affirmative Defense.

**Response No. 54**: defendants have identified a few such documents and will produce them, and documents previously produced Bates Nos. DG-201 to DG-215.

---

**Request No. 55:** All Documents concerning, supporting, refuting, reflecting or otherwise pertaining to the Defendants' Tenth Affirmative Defense.

**Response No. 55**: defendants have identified a few such documents and will produce them,

---

**Request No. 56:** All Documents concerning, supporting, refuting, reflecting or otherwise pertaining to the Defendants' Eleventh Affirmative Defense.

**Response No. 56**: None can be identified and none exist.

---

**Request No. 57:** All Documents concerning, supporting, refuting, reflecting or otherwise pertaining to the Defendants' Twelfth Affirmative Defense.

**Response No. 57**: None can be identified and none exist.

---

**Request No. 58:** All Documents concerning, supporting, refuting, reflecting or otherwise pertaining to the Defendants' Thirteenth Affirmative Defense.

**Response No. 58**: None can be identified and none exist.

---

**Request No. 59:** All Documents concerning, supporting, refuting, reflecting or otherwise pertaining to the Defendants' Fourteenth Affirmative Defense.

**Response No. 59**: None can be identified and none exist.

---

**Request No. 60:** All Documents concerning, supporting, refuting, reflecting or otherwise pertaining to the Defendants' Fifteenth Affirmative Defense.

**Response No. 60**: None can be identified and none exist.

---

**Request No. 61:** All Documents concerning, supporting, refuting, reflecting or otherwise pertaining to the Defendants' Sixteenth Affirmative Defense.

**Response No. 61**: None can be identified and none exist.

---

**Request No. 62:** All Documents concerning, supporting, refuting, reflecting or otherwise pertaining to the Defendants' Seventeenth Affirmative Defense.

**Response No. 62**: None can be identified and none exist.

---

**Request No. 63:** All Documents concerning, supporting, refuting, reflecting or otherwise pertaining to the Defendants' Eighteenth Affirmative Defense.

**Response No. 63**: None can be identified and none exist.

---

**Request No. 64:** All Documents concerning www.allsup.com in regard to the BINDER & BINDER TRADEMARKS.

**Response No. 64**: defendants have identified a few such documents and will produce them, and documents previously produced Bates Nos. DG-201 to DG-215.

Dated: December 11, 2007

______________________________

Matt Kohn, Of Counsel
Disability Group, Inc.

**Disability Group, Inc.**

## Total Revenues

**January 2005 through October 2007**

| | 2005 | 2006 | 2007 | TOTAL |
|---|---|---|---|---|
| Total Revenues | $ 773,971.24 | $ 2,014,584.98 | $ 2,855,331.23 | $ 5,643,887.45 |

CONFIDENTIAL

**Disability Group, Inc.**
**Actual Cases Filed**

| Year | Month | Actual Cases Filed | Inquiry Count |
|---|---|---|---|
| 2005 | March | 76 | 707 |
| | April | 62 | 674 |
| | May | 83 | 568 |
| | June | 82 | 717 |
| | July | 119 | 1101 |
| | August | 151 | 1930 |
| | September | 151 | 1715 |
| | October | 164 | 1773 |
| | November | 177 | 1822 |
| | December | 173 | 1673 |
| 2006 | January | 181 | 1660 |
| | February | 171 | 1642 |
| | March | 242 | 1999 |
| | April | 217 | 1772 |
| | May | 237 | 2223 |
| | June | 243 | 1909 |
| | July | 190 | 1779 |
| | August | 175 | 2208 |
| | September | 181 | 2074 |
| | October | 190 | 2119 |
| | November | 188 | 1669 |
| | December | 175 | 1621 |
| 2007 | January | 212 | 2024 |
| | February | 156 | 1689 |
| | March | 197 | 1910 |
| | April | 168 | 2173 |
| | May | 217 | 1789 |
| | June | 216 | 2330 |
| | July | 167 | 1944 |
| | August | 203 | 1905 |
| | September | 222 | 2330 |
| | October | 297 | 2905 |
| | November | 191 | 2295 |

Disability Group, Inc.

**Total Revenues**

January 2005 through October 2007 (Monthly)

| Month | Revenue |
|---|---|
| Jan 05 | $ 19,739.48 |
| Feb 05 | $ 34,069.05 |
| Mar 05 | $ 35,760.38 |
| Apr 05 | $ 80,782.01 |
| May 05 | $ 53,452.22 |
| Jun 05 | $ 67,261.67 |
| Jul 05 | $ 63,483.29 |
| Aug 05 | $ 93,240.32 |
| Sep 05 | $ 49,584.54 |
| Oct 05 | $ 88,186.29 |
| Nov 05 | $ 97,736.83 |
| Dec 05 | $ 90,675.16 |
| Jan 06 | $ 126,790.13 |
| Feb 06 | $ 86,150.22 |
| Mar 06 | $ 139,677.35 |
| Apr 06 | $ 147,938.97 |
| May 06 | $ 181,479.82 |
| Jun 06 | $ 175,174.62 |
| Jul 06 | $ 175,494.99 |
| Aug 06 | $ 207,710.51 |
| Sep 06 | $ 159,555.52 |
| Oct 06 | $ 189,959.28 |
| Nov 06 | $ 217,245.14 |
| Dec 06 | $ 207,408.43 |
| Jan 07 | $ 149,065.11 |
| Feb 07 | $ 233,793.25 |
| Mar 07 | $ 275,170.56 |
| Apr 07 | $ 255,342.92 |
| May 07 | $ 330,381.79 |
| Jun 07 | $ 303,859.43 |
| Jul 07 | $ 339,782.62 |
| Aug 07 | $ 243,337.52 |
| Sep 07 | $ 397,007.44 |
| Oct 07 | $ 327,590.59 |

dg 318

CONFIDENTIAL

**YELLOWPAGES.COM**

## Binder and Binder

In California and All Across America
West Chester, PA 19382

**(800) 662-4633** Call E-mail

Based on 1 review.
Rate it Read Reviews
More Options
Web Site

**America's Most Successful Social Security Disability Advocates Visit Our Web Site for Locations**

We'll deal with the Government. You have enough to worry about.

### USER REVIEWS:

Based on 1 review.

**they suck!**

Posted by **tpk195149** on 2007/08/07

Not Recommended

I have been working with B&B for 2 years and have had a final denial from SSA because they have no idea how to interpret medical records so they misrepresented me when it went to the hearing. I also found out that the person representing me wasn't even an attorney just a legal aid!!!!

Report abuse Respond to this review

**Part of the new at&t**

© 2007 YELLOWPAGES.COM LLC. All rights reserved.
© 2007 AT&T Knowledge Ventures. All rights reserved. AT&T, AT&T logo, Cingular and Cingular logos are trademarks of AT&T Knowledge Ventures and/or AT&T affiliated companies.

Some data provided by Amacai and Acxiom

DG319

LAW OFFICES

**BINDER AND BINDER®**

A PROFESSIONAL LIMITED LIABILITY PARTNERSHIP

HARRY J. BINDER
CHARLES E. BINDER

SUITE 210 N
1393 VETERANS MEMORIAL HIGHWAY
HAUPPAUGE, NEW YORK 11788-3090
(516) 361 6699

304 PARK AVENUE SOUTH
NEW YORK, NEW YORK 10010
1-800-362-6699

US PATENT & TRADEMARK OFFICE
NOV 06 1996
37
TRADEMARK MAILROOM
REC'D

DG320

LAW OFFICES

**BINDER AND BINDER®**

A PROFESSIONAL CORPORATION
1500 NEW YORK AVENUE
HUNTINGTON STATION, NY 11746-1726

(631) 271-6278

HARRY J. BINDER
CHARLES E. BINDER

DG321

Sign in

Google

**Web** Images Video News Maps **more »**

Disability Group Search | Advanced Search Preferences

**Web** Results **1** - **10** of about **36,100,000** for **Disability Group**. (**0.14** seconds)

Sponsored Links

Soc. Security **Disability**
www.binderandbinder.com Free **Disability** Evaluation. Get Immediate Help Now.

Business Insurance Quotes
LowQuotes.com Free Quotes & Low Cost Policies. Compare Rates In California Now!

Tip: Save time by hitting the return key instead of clicking on "search"

**Disability Group**, Inc.

**DISABILITY GROUP**, **Disabled**? Social Security. Free no-obligation consultation. No fee unless you win, immediate benefit assistance for **disability**.
www.**disabilitygroup**.com/ - 10k - May 9, 2007 - Cached - Similar pages

Group **Disability** Insurance from The Standard

**Disability** coverage from The Standard provides employees with income protection against disabilities and illnesses that prevent them from working.
www.standard.com/benefits/**disability**_insurance.html - 5k - Cached - Similar pages

Social Security **Disability** Lawyer | SSDI & SSI Benefits & Claims ...

At **Disability Group** our Social Security **Disability** lawyers help people get these SSI and SSDI benefits. We believe that people are entitled to these ...
www.socialsecuritylaw.com/ - 29k - Cached - Similar pages

The Hartford **Group** Benefits

Fourth largest life insurance company in the U.S. based on statutory asset data (A.M. Best, 2004); #1 in new **Group Disability** sales (LIMRA International, ...
**group**benefits.thehartford.com/index.html - 14k - Cached - Similar pages

Cowan Counseling and **Disability Group**

Services include medical and vocational case management, career counseling, life care planning, litigation support, and medical bill auditing.
www.cowancounseling.com/ - 5k - Cached - Similar pages

Conservative **Disability Group**

Aims to promote an understanding of **disability** issues among voters and policy-makers, and to lobby for **disabled** people to be allowed to make their own ...
www.conservative**disability**.com/ - 8k - Cached - Similar pages

**Disability Group** : **Group** List : Member Groups : BCS

This **Group** focuses on the role of IT in giving **disabled** people a better quality of life.
www.bcs.org/server.php?show=conWebDoc.1252 - 15k - Cached - Similar pages

Flickr: Rolling Rains - Travel with a **Disability**

Sponsored Links

**Group** Insurance Quotes
receive a free no obligation quote from several different carriers.
www.pegasusfinancialinc.com
Los Angeles, CA

**Disability** Lawyers
For your insurance claims, appeals, lawsuits. Pay us only when you win.
www.TheErisaLaw**Group**.com

**Disability** Attorney's
We help with **Disability** Claims!
Free Consultation & Case Review
www.SocialSecurityLaw.com

Social Sec **Disability**
Nationwide since 1984, tens of thousands helped. 1-800-678-3276.
www.allsup.com

**Group** Health Insurance
Quality Service you can Trust
Health, Dental, Life, **Disability**...
www.californiabi.com
California

All About CA **Disability**
Every Thing (You) Absolutely Must Know About **Disability** Benefits!
www.The**Disability**Digest.com/Free
California

Quotes for your Business
Balanced Financial Solutions
Life, **Group** Health, Pension, 401k
www.balancedfinancialsolutions.com

**Disability group**
Fast, Relevant Local Information.
Find **Disability Group** Here!
www.local.com

More Sponsored Links »

DG322

Web Images Video News Maps Gmail more ▼ Sign in

Google

Disability Group | Search | Advanced Search Preferences

**Web** Results **1** - **10** of about **31,800,000** for **Disability Group**. (**0.12** seconds)

**Disability Group**, Inc.
**DISABILITY GROUP**, **Disabled**? Social Security. Free no-obligation consultation. No fee unless you win, immediate benefit assistance for **disability**.
www.**disabilitygroup**.com/findlaw/ - 10k - Cached - Similar pages

**Group Disability** Insurance from The Standard
**Disability** coverage from The Standard provides employees with income protection against disabilities and illnesses that prevent them from working.
www.standard.com/benefits/**disability**_insurance.html - 5k - Cached - Similar pages

Social Security **Disability** Lawyer | SSDI & SSI Benefits & Claims ...
At **Disability Group** our Social Security **Disability** lawyers help people get these SSI and SSDI benefits. We believe that people are entitled to these ...
www.socialsecuritylaw.com/ - 29k - Cached - Similar pages

The Hartford **Group** Benefits
Fourth largest life insurance company in the U.S. based on statutory asset data (A.M. Best, 2004); #1 in new **Group Disability** sales (LIMRA International, ...
**group**benefits.thehartford.com/index.html - 14k - Cached - Similar pages

Cowan Counseling and **Disability Group**
Services include medical and vocational case management, career counseling, life care planning, litigation support, and medical bill auditing.
www.cowancounseling.com/ - 5k - Cached - Similar pages

Conservative **Disability Group**
Aims to promote an understanding of **disability** issues among voters and policy-makers, and to lobby for **disabled** people to be allowed to make their own ...
www.conservative**disability**.com/ - 8k - Cached - Similar pages

**Disability Group** : **Group** List : Member Groups : BCS
This **Group** focuses on the role of IT in giving **disabled** people a better quality of life.
www.bcs.org/server.php?show=conWebDoc.1252 - 15k - Cached - Similar pages

Sponsored Links

Soc. Security **Disability**
Free **Disability** Evaluation. Get Immediate Help Now.
www.binderandbinder.com

Business Insurance
Compare California Insurance Rates. Free Quotes & Super Low Cost Plans.
LowQuotes.com
California

**Disabled**? Social Security
We win 8 out of 10 cases. No fee unless you win. Free case review.
**DisabilityGroup**.com

Social Sec. **Disability**
Nationwide Immediate Help for Social Security **Disability** Claims!
social-security-disabity-claims.org

**Disability** Lawyers
For your insurance claims, appeals, lawsuits. Pay us only when you win.
www.TheErisaLaw**Group**.com

**Disability** Attorneys
We help with **Disability** Claims! Free Consultation & Case Review
www.SocialSecurityLaw.com

Social Sec **Disability**
Nationwide since 1984, tens of thousands helped. 1-800-678-3276.
www.allsup.com

**Group** Health Insurance
Quality Service you can Trust Health, Dental, Life, **Disability**...
www.californiabi.com
California

Flickr: Rolling Rains - Travel with a **Disability**
This **group** gives travelers with disabilities, their travel companions, friends, and allies of the **disability** community a place to post on travel. ...
www.flickr.com/**group**s/rollingrains/ - 28k - Cached - Similar pages

Welcome to the Sri Lanka Hill Country **Disability Group**
The Hill Country **Disability Group** Sri Lanka web site dedicated to improving life for

DG323

PROOF OF SERVICE BY MAIL

I, the undersigned, say: I am and was at all times herein mention, a citizen of the United States and a resident of the County of Los Angeles, over the age of eighteen years and not a party to the within action or proceeding; that my business address is 844 25th Street, Santa Monica, California 90403.

On December 14, 2007, I served the within,
**RESPONSES TO DISCOVERY:**
**Defendants' Responses to Plaintiffs' Requests for Production**
by:
( ) personal delivery to persons listed below;
( X ) E-MAIL to the persons listed below, true original thereof, to the following e-mail addresses, as an attached "Adobe Acrabat" file, originating from my hard drive (computer), knowing in advance that each such individual has the capability of retrieving said document in full, and the transmission was reported as completed without return or error;
( ) depositing true copies thereof enclosed in a sealed envelope with postage prepaid, in the United States mail at Los Angeles, California, addressed as follows:

Kenneth G. Parker
TEUTON, LOEWY & PARKER
3121 Michelson Drive, Suite 250
Irvine, California 92612

Telephone: 949 - 442 - 7100
kparker@tlpfirm.com

I declare I am a member of the bar and that the foregoing is true and correct and was executed by me this 14th day of December, 2007, in Santa Monica, California.

______________________________ Matt Kohn (Digitally signed)

# EXHIBIT F

Kenneth G. Parker (SBN 182911)
kparker@tlpfirm.com
Robert G. Loewy (SBN 179868)
rloewy@tlpfirm.com
TEUTON, LOEWY & PARKER LLP
3121 Michelson Drive, Suite 250
Irvine, California 92612
Telephone: (949) 442-7100
Facsimile: (949) 442-7105

Thomas M. Galgano (*Pro Hac Vice*)
tmgalgano@rcn.com
GALGANO & ASSOCIATES, PLLC
20 W. Park Avenue, Suite 204
Long Beach, New York 11561
(516) 431-1177

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| HARRY J. BINDER, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>DISABILITY GROUP, INC., a corporation; RONALD MILLER, an individual; and DOES 1 to 10, inclusive,<br><br>Defendant. | **Case No.: CV 07-02760-GHK (SSx)**<br><br>Hon. George King, Judge<br>Courtroom 650<br><br>**PLAINTIFFS' SECOND REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANTS** |

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, all plaintiffs in this matter ("Plaintiffs") hereby request that Disability Group, Inc. and Ronald Miller ("Defendants") produce the documents and things requested below for inspection and copying at the offices of Kenneth G. Parker, Esq., Teuton, Loewy & Parker LLP, 3121 Michelson Drive, Suite 250, Irvine, California 92612, or at such other place as agreed upon by the parties within thirty (30) days from the date of service.

**DEFINITIONS**

1. The term “BINDER & BINDER TRADEMARKS” means the mark of each or any combination, in whole or in part, of U.S. Trademark Registration Nos. 2,161,479; 2,161,478 and 2,109,191.

2. “Defendants” or “Disability” means Disability Group, Inc. and/or Ronald Miller, its divisions and any parent, subsidiary, affiliate, licensee, franchisee, successor, predecessor in interest, assignor, assignee or other related business entity, and the predecessors of any of them and every current or former officer, employee, agent or other person acting or purporting to act on their behalf.

3. “Plaintiffs” means Harry J. Binder and Charles E. Binder, any parent, subsidiary, affiliate, licensee, franchisee, successor, predecessor in interest, assignor, assignee or other related business entity, and the predecessors of any of them, and every current or former officer, employee, agent or other person acting or purporting to act on their behalf, including the various plaintiffs in this action that provide disability advocacy services across the country.

4. The term “Plaintiffs’ Website” means the website http://www.binderandbinder.com.

5. The term “Defendants’ Website” means the website www.socialsecuritydisability411.com.

6. The term "First Amended Complaint" means the First Amended Complaint in the action of Harry J. Binder, et al. v. Disability Group, Inc. and Ronald Miller, Civil Action No. CV 07-02760-GHK (SSx).

7. The term "survey" means all surveys, polls, focus groups, market research studies and other investigations conducted by or on behalf of Plaintiff, whether or not such investigations were completed, discontinued or fully carried out.

8. "Person" means any natural person or any business, legal or governmental entity or association, including but not limited to corporations, partnerships, sole proprietorships or any other form of private, public or governmental organization or unit.

9. The term "Document" shall have the meaning ascribed to it under Rule 34 of the Federal Rules of Civil Procedure, and shall include, without limitation, writings, drawings, graphs, charts, photographs, videos, computer programs, computer data bases, e-mail messages, phonorecords, electronic or computerized data compilations and other data compilations from which information can be obtained. A draft or non-identical copy is a separate document within the meaning of this term.

10. As used herein, "identify" or to "state the identity of" means:

(a) In the case of a person who is an individual: to state the full name, present or last known residence or address (designating which) and present or last known position or business affiliation (designating which); job title; employment address; business and residence telephone numbers of each individual;

(b) In the case of a company, partnership, corporation, proprietorship, association, or other organization or entity, to state: the full name and present or last known address and telephone number; the legal form of such entity or organization; the identity of its chief executive officer; and the identity of the person or persons having knowledge of the matter with respect to which the company is named;

(c) In the case of an act, to state: a description of that act; when it occurred; where it occurred; the identity of the person or persons performing said act (or in the

case of an omission, the identity of the person or persons failing to act); the identity of all persons who have knowledge, information or belief about the act; when the act or omission first became known;

(d) In the case of an oral communication, to state: the date, subject matter, communicator, communicate, nature of communication, whether it was recorded, and the identity of any witness thereto;

(e) In the case of a document, to state the type of document; the general subject matter; the identity of the person or persons who prepared it; the sender and recipient, if any; the title or a description of the general nature of its subject; the date of preparation; the date and manner of distribution and publication, if any; the location of each copy and the identity of the present custodian; the identity of the person or persons who can identify it; the contents of the document verbatim; and if privilege is claimed, the specific basis therefore. In lieu of the foregoing, a copy of the document may be supplied.

11. Each interrogatory or request shall be read to be inclusive rather than exclusive.  Accordingly, including means including without limitation The word all includes any and vice versa. The word "or" includes "and" and "vice versa." The past tense includes the present tense and vice versa. The masculine form of any word includes the feminine form and vice versa.

13. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

14. The terms "all" and "each" shall be construed as "all and each".

15. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

16. The use of the singular form of any word includes the plural and vice versa.

**INSTRUCTIONS**

1. Whenever Defendants believes that any statement or description in these requests may be interpreted in more than one way, it must either raise the issue of interpretation with Plaintiffs before the return date, or adopt whatever interpretation will result in a more complete answer and the identification and production of more documents.

2. To the extent that any of the following interrogatories or document requests may call for information or documents subject to a claim of privilege or attorney work product, provide a substantive response for so much of each interrogatory or request and each part thereof as does not request privileged or confidential information. With respect to those portions of these interrogatories or requests that do request privileged information, set forth the basis for the claim of privilege or any other objection there may be.

3. For the convenience of the Court and the parties, each interrogatory and request should be quoted in full immediately preceding the response.

4. These discovery requests are intended to be continuing within the scope and meaning of the Federal Rules of Civil Procedure. If, at any time after you prepare and furnish the requested discovery you ascertain or acquire additional information, you are requested to produce such supplemental information to Plaintiff within thirty (30) days.

5. Each person responding to these interrogatories is required to furnish responsive information within that person's knowledge or the personal knowledge of its attorneys, agents, employees or other representatives.

6. Each person responding to document requests is required to furnish responsive documents within that person's possession, custody or control or within the possession, custody or control of its attorneys, agents, employees or other representatives and the documents shall be produced as they are kept in the usual

course of business or shall be organized and labeled to correspond to the document request or requests to which they are responsive.

7. Each objection, if any, shall be set forth with specificity and shall include a statement of the grounds for the objection.

8. If any document requested to be identified or produced has been destroyed, provide the following additional information as to each such document:

(a) the date of destruction;

(b) the reason for the destruction;

(c) the identification of the person who destroyed the document; and

(d) the identification of any person who directed that the document be destroyed.

9. If any interrogatory cannot be answered in full, respond to the extent possible, specifying the reasons for the inability to respond to the remainder of the interrogatory, and state whatever information or knowledge is available concerning the unanswered portion.

10. If any responsive information, communication or document is withheld on the basis of any claim of privilege, identify such information, communication or document withheld, state the privilege being relied upon or claimed and the basis for the claim, and identify all person(s) who have had access to such information, communication or document.

11. Defendants are to supplement their responses to all discovery requests as required by Fed. R. Civ. Proc. 26(e).

**Request No. 65**

All documents evidencing or referring to any business or financial plans which were prepared in connection with forming Disability.

**Requests No. 66**

All documents evidencing or referring to any research or surveys conducted evidencing or referring to the competitiveness in the disability advocacy market.

**Request No. 67**

All documents evidencing or referring to any research or surveys conducted evidencing or referring to the formation of Disability.

**Request No. 68**

All documents evidencing or referring to any Nielsen reports or Nielsen ratings which Defendants received or viewed in connection with the formation of Disability.

**Request No. 69**

All documents evidencing or referring to the Defendants' actual or proposed television, radio and print advertisements.

**Request No. 70**

All documents evidencing or referring to communications between Defendants and Michael Vincent in regard to any internet search engine keywords or advertising text containing the word "binder".

**Requests No. 71**

All documents evidencing or referring to purchasing or selecting internet search engine keywords or advertising text containing the word "binder" from search engines other than Google.

**Requests No. 72**

All documents evidencing or referring to training and instruction materials for Defendants' employees, including receptionists, intake personnel, executive assistants and office services assistants.

**Requests No. 73**

All documents, including electronic records, evidencing or referring to the websites visited by the Defendant Ronald Miller from 2003 to the present, including cache information from any computer used by Defendant Ronald Miller.

**Requests No. 74**

All documents evidencing or referring to the adoption, selection, creation and operation of the Defendants' website and domain name located at http://www.socialsecuritydisability411.com.

**Requests No. 75**

All documents evidencing or referring to the adoption, selection, creation and operation of the Defendant's website and domain name located at http://www.disabilitygroup.com.

**Requests No. 76**

All intake sheets of potential clients contacting Disability by telephone from March 2006 to November 2006.

**Requests No. 77**

All intake sheets of potential clients contacting Disability by online live chat or email from March 2006 to November 2006.

**Requests No. 78**

All intake sheets of potential clients contacting Disability through their websites www.socialsecuritydisability411.com and www.disabilitygroup.com, between March 2006 and November 2006.

**Requests No. 79**

All intake sheets of potential clients contacting Disability through its websites www.socialsecuritydisability411.com and www.disabilitygroup.com, as a result of the Defendants' use of advertising text or internet search engine keywords containing the word "binder", between March 2006 and November 2006.

**Requests No. 80**

All documents evidencing or referring to Defendant, Ronald Miller's attendance at the National Association of Disability Representatives in Orlando, Fl.

**Requests No. 81**

All documents evidencing or referring to Defendants' first awareness of Binder and Binder, Harry Binder and Charles Binder.

**Requests No. 82**

All documents, including summaries and reports, evidencing or referring to tracking how potential clients initially contacted and discovered Disability, between March 2006 and November 2006.

**Request No. 83**

All documents evidencing or referring to the number of impressions, the number of hits and the number of submissions to Defendants' website www.socialsecuritydisability411.com from March 2006 to November 2006.

**Request No. 84**

All documents evidencing or referring to the number of impressions, the number of hits and the number of submissions to Defendants' website www.disabilitygroup.com from March 2006 to November 2006.

**Request No. 85**

All documents evidencing or referring to the number of clients who initially contacted Disability and the number of clients retained, by Disability between March 2006 and November 2006 via Defendants' website www.socialsecuritydisability411.com.

**Request No. 86**

All documents evidencing or referring to the number of clients who initially contacted Disability and the number of clients retained, by Disability between March 2006 and November 2006 via the Defendants' website www.disabilitygroup.com.

**Request No. 87**

All documents evidencing or referring to the number of clients who initially contacted Disability and the number of clients retained, by Disability between March 2006 and November 2006 who contacted Disability by telephone, email or live chat as a result of viewing the Defendants' website www.socialsecuritydisability411.com.

**Request No. 88**

All documents evidencing or referring to the number of clients who initially contacted Disability and the number of clients retained, by Disability between March 2006 and November 2006 who contacted Disability by telephone, email or live chat as a result of viewing the Defendants' website www.disabilitygroup.com.

**Request No. 89**

All documents evidencing or referring to the number of clients who initially contacted Disability and the number of clients retained, by Disability between March 2006 and November 2006 who contacted Disability by telephone, email or live chat as a result of reaching the Defendants' website www.disabilitygroup.com, by the Defendants use of internet search engine keywords or advertisement text containing the word "binder."

**Request No. 90**

All documents evidencing or referring to the number of clients who initially contacted Disability and the number of clients retained, by Disability between March 2006 and November 2006 who contacted Disability by telephone, email or live chat as a result of reaching the Defendants' website www.socialsecuritydisability411.com, by the Defendants use of internet search engine keywords or advertisement text containing the word "binder."

**Requests No. 91**

All documents evidencing or referring to the number of clients who initially contacted Disability and the number of clients retained, by Disability between March 2006 and November 2006 as a result of phone calls to Disability.

**Requests No. 92**

All documents evidencing or referring to the number of clients who initially contacted Disability and the number of clients retained, by Disability between March 2006 and November 2006 as a result of an online chat with Disability and email to Disability.

**Request No. 93**

All documents evidencing or referring to the total number of clients retained between March 2006 and November 2006 by Disability.

**Request No. 94**

All documents evidencing or referring to the text of Disability's advertisements which contained the word "binder".

**Request No. 95**

All documents evidencing or referring to the Google Adwords purchased by Disability which triggered Disability's advertisements containing the word "binder".

**Request No. 96**

All documents evidencing or referring to the number of hits to the website www.socialsecuritydisability411.com and the number of clients retained as a result of Defendants use of any internet search engine keywords or advertisement text containing the word "binder."

**Request No. 97**

All documents evidencing or referring to the number of hits to the website www.disabilitygroup.com and the number of clients retained as a result of

Defendants use of any internet search engine keywords or advertisement text containing the word "binder."

**Request No. 98**

All documents evidencing or referring to the website domain names owned by Disability.

**Request No. 99**

All documents identified in Disability's response to Interrogatory No. 23.

**Request No. 100**

All documents identified in Disability's response to Interrogatory No. 25.

Dated: December 17, 2007

TEUTON, LOEWY & PARKER LLP
KENNETH G. PARKER
ROBERT G. LOEWY

By: ______________________
Kenneth G. Parker
Attorneys for Plaintiffs

Counsel:
Thomas M. Galgano (TG 4621)
GALGANO & ASSOCIATES, PLLC
20 W. Park Avenue, Suite 204
Long Beach, New York 11561
(516) 431-1177

KENNETH G. PARKER, Bar No: 182911 (949) 442-7100
TEUTON, LOEWY & PARKER LLP
2040 Main Street, 9th Floor
Irvine, CA 92614

Representing: Plaintiff File No.BINDER

Edward R. Roybal Center

Central District of California

BY FAX

| | |
|---|---|
| BINDER, et al.<br><br>Plaintiff/Petitioner<br>vs<br><br>DISABILITY GROUP, INC., et al.<br><br>Defendant/Respondent | Case No: CV 07-02760-GHK (SSx)<br><br>Proof of Service of:<br>PLAINTIFFS' SECOND REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANTS, PLAINTIFFS' SECOND SET OF INTERROGATORIES TO DEFENDANT DISABILITY GROUP, INC., PLAINTIFFS' SECOND SET OF<br><br>Service on:<br>RONALD MILLER |

Hearing Date:

Hearing Time:

Div/Dept:

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address): KENNETH G. PARKER, 182911<br>TEUTON, LOEWY & PARKER LLP<br>2040 Main Street, 9th Floor<br>Irvine, CA 92614<br>ATTORNEY FOR (Name): Plaintiff | TELEPHONE NO.: (949) 442-7100<br>Ref. No. or File No. BINDER | FOR COURT USE ONLY |
|---|---|---|
| Insert name of court, judicial district or branch court, if any:<br>Edward R. Roybal Center<br>255 E. Temple St<br>Los Angeles, CA 90012-0000 | | |
| PLAINTIFF: BINDER, et al. | | |
| DEFENDANT: DISABILITY GROUP, INC., et al. | | |

| **PROOF OF HAND DELIVERY** | DATE: | TIME: | DEPT/DIV: | CASE NUMBER: CV 07-02760-GHK (SSx) |
|---|---|---|---|---|

At the time of service I was a citized of the United States, over 18 years of age and not a party to this action, and I served copies of the following: PLAINTIFFS' SECOND REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANTS, PLAINTIFFS' SECOND SET OF INTERROGATORIES TO DEFENDANT DISABILITY GROUP, INC., PLAINTIFFS' SECOND SET OF INTERROGATORIES TO RONALD MILLER

NAME OF ATTORNEY: RONALD MILLER

BY FAX

DELIVERED TO: Luwam Terfa - Person in Charge of Office

DATE & TIME OF DELIVERY: December 17, 2007 4:16 pm

ADDRESS, CITY, AND STATE: 2917 SANTA MONICA BLVD.
SANTA MONICA, CA 90404

MANNER OF SERVICE:

Delivery to Law Office: Service was made by delivery to the attorney's office; or by leaving the document(s) with his/her clerk over the age of 18 therein; or with a person having charge thereof; or if there was no such person in the office, by leaving them between the hours of nine in the morning and five in the afternoon, in a conspicuous place in the office. [CCP §1011(a)]

Fee for Service: $ 55.00

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

December 18, 2007

Jimmy Lizama
Registered California Process Server: LOS ANGELES County
Registration No.4553 Expiration:October 11, 2009
One Legal, Inc. - 132-Marin
504 Redwood Blvd #223
Novato, CA 94947
415-491-0606

Signature:

982(a)(23)[New July 1, 1987]

FF# 6653491

KENNETH G. PARKER, Bar No: 182911 (949) 442-7100
TEUTON, LOEWY & PARKER LLP
2040 Main Street, 9th Floor
Irvine CA 92614

Representing: Plaintiff File No.BINDER

Edward R. Roybal Center

Central District of California

BY FAX

BINDER, et al.

Plaintiff/Petitioner

vs

DISABILITY GROUP, INC., et al.

Defendant/Respondent

Case No: CV 07-02760-GHK (SSx)

Proof of Service of:

PLAINTIFFS' SECOND REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANTS, PLAINTIFFS' SECOND SET OF INTERROGATORIES TO DEFENDANT DISABILITY GROUP, INC., PLAINTIFFS' SECOND SET OF

Service on:

Matthew Kohn

Hearing Date:

Hearing Time:

Div/Dept:

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address): KENNETH G. PARKER, 182911 TEUTON, LOEWY & PARKER LLP 2040 Main Street, 9th Floor Irvine, CA 92614 ATTORNEY FOR (Name): Plaintiff | TELEPHONE NO.: (949) 442-7100 Ref. No. or File No. BINDER | FOR COURT USE ONLY |
|---|---|---|
| Insert name of court, judicial district or branch court, if any: Edward R. Roybal Center 255 E. Temple St Los Angeles, CA 90012-0000 | | |
| PLAINTIFF: BINDER, et al. | | |
| DEFENDANT: DISABILITY GROUP, INC., et al. | | |

| PROOF OF HAND DELIVERY | DATE: | TIME: | DEPT/DIV: | CASE NUMBER: CV 07-02760-GHK (SSx) |
|---|---|---|---|---|

At the time of service I was a citized of the United States, over 18 years of age and not a party to this action, and I served copies of the following: PLAINTIFFS' SECOND REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANTS, PLAINTIFFS' SECOND SET OF INTERROGATORIES TO DEFENDANT DISABILITY GROUP, INC., PLAINTIFFS' SECOND SET OF INTERROGATORIES TO RONALD MILLER

NAME OF ATTORNEY: Matthew Kohn

DELIVERED TO: Ana Solis - Person in Charge of Office

BY FAX

DATE & TIME OF DELIVERY: December 17, 2007 4:30 pm

ADDRESS, CITY, AND STATE: 844 25TH STREET
SANTA MONICA, CA 90403

MANNER OF SERVICE:

Delivery to Law Office: Service was made by delivery to the attorney's office; or by leaving the document(s) with his/her clerk over the age of 18 therein; or with a person having charge thereof; or if there was no such person in the office, by leaving them between the hours of nine in the morning and five in the afternoon, in a conspicuous place in the office. [CCP §1011(a)]

Fee for Service: $ 55.00

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

December 18, 2007

Jimmy Lizama
Registered California Process Server: LOS ANGELES County
Registration No.4553 Expiration:October 11, 2009
One Legal, Inc. - 132-Marin
504 Redwood Blvd #223
Novato, CA 94947
415-491-0606

Signature: ______________________

982(a)(23)[New July 1, 1987]

FF# 6653490

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and am not a party to the within action; my business address is 3121 Michelson Drive, Suite 250, Irvine, California 92612.

On **December 17, 2007**, I served a true and correct copy of the document(s) described as **PLAINTIFFS' SECOND REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANTS** on interested parties in this action by placing true copies thereof enclosed in sealed envelopes as set forth below:

| | |
|---|---|
| Matthew Kohn<br>844 25th Street<br>Santa Monica, CA 90403<br>Fax: (310) 828-9590 | Ronald D. Miller<br>2917 Santa Monica Blvd.<br>Santa Monica, CA 90404<br>Fax: (310) 829-0010 |

☐ **(By U.S. Mail)** I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit. I deposited such envelope(s) with postage thereon fully prepaid to be placed in the United States Mail at Irvine, California as indicated above.

☐ **(By Facsimile)** I served a true and correct copy by facsimile pursuant to C.C.P. 1013(e), calling for agreement and written confirmation of that agreement or court order, to the number(s) listed above or on attached sheet. Said transmission was reported complete and without error.

☒ **(By Hand Delivery)** I caused such document(s) to be delivered by hand to the office of the addressee(s) as indicated above.

☐ **(By Express Service)** I served a true and correct copy enclosed in a sealed package, for collection and for delivery marked for next day delivery in the ordinary course of business, addressed to the office of the addressee(s) as indicated above.

☒ **(FEDERAL)** I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **December 17, 2007**, at Irvine, California.

Jayne Riedel

# EXHIBIT G

Ronald D. Miller (SBN 170221)
  (rmiller@disabilitygroup.com)
Matt Kohn (SBN 97660) of Counsel
  (mattkohn@msn.com)
2917 Santa Monica Boulevard
Santa Monica, California 90404
Telephone:  (310) 829-5100
Fax:  (310) 829-0010

Attorney for Defendants
DISABILITY GROUP INC.;
RONALD MILLER

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| HARRY J. BINDER, an individual; and CHARLES E. BINDER, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>DISABILITY GROUP, INC., a corporation; RONALD MILLER, an individual; and DOES 1 to 10, inclusive,<br><br>Defendant. | **Case No.: CV 07-02760-GHK (SSx)**<br><br>Hon. George King, Judge<br>Courtroom 650<br><br>DEFENDANTS' RESPONSE TO SECOND SET REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS |

Request No. 65: All Documents evidencing or referring to any business or financial plans which were prepared in connection with forming Disability.

Response No. 65: Objections: (1) the request is not reasonably calculated to lead to the discovery of admissible evidence; (2) the request is not minimally relevant to plaintiffs trademark claims and the reasonable need of the action. Without waiving objections, none exist.

---

Request No. 66: All documents evidencing or referring to any research or surveys conducted evidencing or referring to the competitiveness in the disability advocacy market.

Response No. 66: None exist.

---

Request No. 67: All documents evidencing or referring to any research or surveys conducted evidencing or referring to the formation of Disability.

Response No. 67: None exist.

---

Request No. 68: All documents evidencing or referring to any Nielson reports or Nielson ratings which Defendants received or viewed with the formation of Disability.

Response No. 68: None exist.

---

Request No. 69: All documents evidencing or referring to the Defendants actual or proposed television, radio, and print advertisements.

Response No. 69: The ad tear-sheets, video and audio tapes were lost or destroyed. An effort was made to find them.

---

Request No. 70: All documents evidencing or referring to communications between Defendants and Michael Vincent in regard to any internet search engine keywords or advertising text containing the word “binder”.

Response No. 70: None exist.

---

Request No. 71: All documents evidencing or referring to purchasing or selecting internet engine keywords or advertising text containing the word “binder” from search engines other than Google.

Response No. 71: Previously produced Initial Disclosures with Bates nos. DG-196 to DG-201.

---

Request No. 72: All documents evidencing or referring to training and instruction materials for Defendants’ employees, including receptionists, intake personnel, executive assistants and office services assistants.

Response No. 72:  Objections: (1) the request is not reasonably calculated to lead to the discovery of admissible evidence; (2) the request is overly broad and includes confidential materials not likely to lead to admissible evidence. None of the materials state or refer to defendants' competitors or specifically plaintiffs or BINDER & BINDER or variations.

---

Request No. 73:  All documents, including electronic records, evidencing or referring to the websites visited by the Defendant Ronald Miller from 2003 to the present, including cache information from any computer used by Defendant Ronald Miller.

Response No. 73:  The materials, if any, which are the subject of the request were destroyed via replacement with new computer equipment and therefore there is no way to locate and recover internet history and cache data from previously trashed hardware. Therefore, none exist.

---

Request No. 74:  All documents evidencing or referring to the adoption, selection, creation and operation of the Defendants' website and domain name located at http://www. socialsecuritydisability411.com.  None exist.

---

Request No. 75:   All documents evidencing or referring to the adoption, selection, creation and operation of the Defendants' website and domain name located at http://www. disabilitygroup.com. None exist.

---

Request No. 76:   All intake sheets of potential clients contacting Disability by telephone from March 2006 to November 2006. None exist.

---

Request No. 77:   All intake sheets of potential clients contacting Disability by online chat or email from March 2006 to November 2006. None exist.

---

Request No. 78:   All intake sheets of potential clients contacting Disability through their websites www. socialsecuritydisability411.com and www. disabilitygroup.com between March 2006 to November 2006. Previously produced Initial Disclosures with Bates nos. DG-001 to DG-188.

---

Request No. 79:   All intake sheets of potential clients contacting Disability through its websites www. socialsecuritydisability411.com and www. disabilitygroup.com as a result of the Defendants' use of advertising text or internet search engine keywords containing the word "binder," between March 2006 to November 2006.

Response No. 79:  The requested information is contained in part in previously produced Initial Disclosures Bates nos. DG-001 to DG-192; DG-216 to DG-219.

---

Request No. 80: All documents evidencing or referring to Defendant, Ronald Miller's attendance at the National Association of Disability Representatives in Orlando, Fl.

Response No. 80: None exist.

---

Request No. 81: All documents evidencing or referring to Defendants' first awareness of Binder and Binder, Harry Binder and Charles Binder.

Response No. 81: None exist.

---

Request No. 82: All documents, including summaries and reports, evidencing or referring to tracking how potential clients initially contacted and discovered Disability, between March 2006 and November 2006.

Response No. 82: None exist.

---

Request No. 83: All documents evidencing or referring to the number of impressions, the number of hits and the number of submissions to Defendants' website www. Socialsecuritydisbility411.com from March 2006 and November 2006.

Response No. 83: Included in and as a part in previously produced Initial Disclosures and Production Responses with Bates nos. DG-001 to DG-192; DG-196 to DG-201; DG-216 to DG-219; DG-220 to DG-221; and DG-316 (as update).

---

Request No. 84: All documents evidencing or referring to the number of impressions, the number of hits and the number of submissions to Defendants' website www. disabilitygroup.com from March 2006 and November 2006.

Response No. 84: Included in and as a part of previously produced Initial Disclosures and Production Responses with Bates nos. DG-001 to DG-192; DG-196 to DG-201; DG-216 to DG-219; DG-220 to DG-221; and DG-316 (as updated).

---

Request No. 85: All documents evidencing or referring to the number of clients who initially contacted Disability and the number of clients retained, by Disability between March 2006 and November 2006 via Defendants' website www. Socialsecuritydisability411.com.

Response No. 85: Included in and as a part of previously produced Initial Disclosures and Production Responses with Bates nos. DG-001 to DG-192; DG-216 to DG-219, and DG-316 (as updated).

---

Request No. 86: All documents evidencing or referring to the number of clients who initially contacted Disability and the number of clients retained, by Disability between March 2006 and November 2006 via Defendants' website www. disabilitygroup.com.
Response No. 86: Included in and as a part of previously produced Initial Disclosures and Production Responses with Bates nos. DG-001 to DG-192; DG-216 to DG-219; and DG-316 (as update).

---

Request No. 87: All documents evidencing or referring to the number of clients who initially contacted Disability and the number of clients retained, by Disability between March 2006 and November 2006 who contacted Disability by telephone, email, or live chat as a result of viewing the Defendants' website www. socialsecuritydisability411.com. By email, via internet ad inquiry, the numbers are included in and as a part of previously produced Initial Disclosures and Production Responses with Bates nos. DG-001 to DG-192; DG-216 to DG-219; and DG-316 (as update); otherwise none exist.

---

Request No. 88: All documents evidencing or referring to the number of clients who initially contacted Disability and the number of clients retained, by Disability between March 2006 and November 2006 who contacted Disability by telephone, email, or live chat as a result of viewing the Defendants' website www. disabilitygroup.com.
Response No. 88: By email, via internet ad inquiry, the numbers are included in and as a part of previously produced Initial Disclosures and Production Responses with Bates nos. DG-001 to DG-192; DG-216 to DG-219; and DG-316 (as update); otherwise none exist.

---

Request No. 89: All documents evidencing or referring to the number of clients who initially contacted Disability and the number of clients retained, by Disability between March 2006 and November 2006 who contacted Disability by telephone, email, or live chat as a result of reaching the Defendants' website www. disabilitygroup.com, by the Defendants use of internet search engine keywords or advertisement text containing the word "binder."
Response No. 89: By email, via internet ad inquiry, the numbers are included in asn as a part of previously produced Initial Disclosures and Production Responses with Bates nos. DG-001 to DG-192; DG-216 to DG-219; otherwise none exist.

---

Request No. 90: All documents evidencing or referring to the number of clients who initially contacted Disability and the number of clients retained, by Disability between March 2006 and November 2006 who contacted Disability by telephone, email, or live chat as a result of reaching

the Defendants' website www. Socialsecuritydisability411.com, by the Defendants use of internet search engine keywords or advertisement text containing the word "binder."

Response No. 90: By email, via internet ad inquiry, the numbers are included in and as a part of previously produced Initial Disclosures and Production Responses with Bates nos. DG-001 to DG-192; DG-216 to DG-219; otherwise none exist.

-----------------------------------------------------------------------------------------------------------

Request No. 91: All documents evidencing or referring to the number of clients who initially contacted Disability and the number of clients retained, by Disability between March 2006 and November 2006 as a result of phone calls to Disability.

Response No. 91: None exist.

-----------------------------------------------------------------------------------------------------------

Request No. 92: All documents evidencing or referring to the number of clients who initially contacted Disability and the number of clients retained, by Disability between March 2006 and November 2006 as a result of online chat with Disability and email to Disability.

Response No. 92: By email, via internet ad inquiry, the numbers are included in and as a part of previously produced Initial Disclosures and Production Responses with Bates nos. DG-001 to DG-192; DG-216 to DG-219; DG-316 (as updated); otherwise none exist.

-----------------------------------------------------------------------------------------------------------

Request No. 93: All documents evidencing or referring to the total number of clients retained between March 2006 and November 2006 by Disability.

Response No. 93: DG-316 (as update).

-----------------------------------------------------------------------------------------------------------

Request No. 94: All documents evidencing or referring to text of Disability's advertisements which contain the word "binder."

Response No. 94: Exhibit B to Complaint.

-----------------------------------------------------------------------------------------------------------

Request No. 95: All documents evidencing or referring to the Google Adwords purchased by Disability which triggered Disability's advertisements containing the word "binder."

Response No. 95: None exist other than confidential disclosures under seal, that of Michael Vincent Exhibit 9 to his deposition.

-----------------------------------------------------------------------------------------------------------

Request No. 96: All documents evidencing or referring to the number of hits to the website www. socialsecuritydisability411.com and the number of clients retained as a result of Defendants use of any internet search engine keyword or advertisement text containing the word "binder."

Response No. 96: Included in and as a part of previously produced Initial Disclosures and Production Responses with Bates nos. DG-001 to DG-192; DG-216 to DG-219; and DG-316 (as update).

---

Request No. 97: All documents evidencing or referring to the number of hits to the website www. disabilitygroup.com and the number of clients retained as a result of Defendants use of any internet search engine keyword or advertisement text containing the word "binder."

Response No. 97: Included in and as a part of previously produced Initial Disclosures and Production Responses with Bates nos. DG-001 to DG-192; DG-216 to DG-219; and DG-316 (as update).

---

Request No. 98: All documents evidencing or referring to the website domain names owned by Disability.

Response No. 98: Objections: (1) the request is over broad; (2) the request is cumulative, duplicative, and includes categories of documents which cannot be reasonable identified. Without waiving objections, none can be identified and therefore none exist.

---

Request No. 99: All documents identified in Disability's response to Interrogatory No. 23.

Response No. 99: Objections: (1) the request is for confidential financial software data; (2) the requested vague; ( 3) the request is over broad; (4) the request is unreasonably duplicative and cumulative regarding relevant documents previously produced; (5) the request is for documentation to be created specifically for litigation and otherwise would be attorney work product and does not presently exist; (6) the requested information in this format outweighs its likely benefit, taking into account the limited trademark and damages issues at stake, the reasonable needs of the litigating this case, the amount in controversy, and the importance of the documents in resolving material issues in the litigation; and (7) defendant is not required to look outside the request in order to ascertain the meaning of the request.

---

Request No. 100: All documents identified in Disability's response to Interrogatory No. 25.

Response No. 100: Previously produced document Bates no. DG-340.

---

Dated: January 17, 2008

______________________________

Matt Kohn, Of Counsel
Disability Group, Inc.

**SERVICE**

I am above the age of 18 years and not party to this action. I am a citizen of the United States, a resident of the County of Los Angeles. My business address is 844 25th Street, Santa Monica, California 90403.

On JANUARY 17, 2008, I served the within DEFENDANTS' RESPONSE TO SET TWO REQUESTS FOR PRODUCTION SERVED BY PLAINTIFFS on the other party by transmitting true copies thereof, securely, addressed as a "pdf" file, as follows:

To: kparker @ tlpfirm.com
Mr. Kenneth G. Parker, Esq.
Teuton, Loewy & Parker, LLP
3121 Michelson Drive, Suite 250
Irvine, California 92612
Telephone: 949-442-7100

I declare that the foregoing is true, correct, and was signed by me this 17th day of January, 2008, in Santa Monica, California.

________________________________Matt Kohn (original digitally signed)

# EXHIBIT H

Ronald D. Miller (SBN 170221)
(rmiller@disabilitygroup.com)
Matt Kohn (SBN 97660) of Counsel
(mattkohn@msn.com)
2917 Santa Monica Boulevard
Santa Monica, California 90404
Telephone: (310) 829-5100
Fax: (310) 829-0010

Attorney for Defendants
DISABILITY GROUP INC.;
RONALD MILLER

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

HARRY J. BINDER, an individual; and CHARLES E. BINDER, an individual,

Plaintiffs,

vs.

DISABILITY GROUP, INC., a corporation; RONALD MILLER, an individual; and DOES 1 to 10, inclusive,

Defendant.

**Case No.: CV 07-02760-GHK (SSx)**

Hon. George King, Judge
Courtroom 650

DEFENDANTS' SUPPLEMENTAL RESPONSE TO PLAINTIFFS' FIRST AND SECOND REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

Pursuant to Rules 26 and 34 of the Fed. Rules of Civ. Pro., defendants' submit the following supplemental responses and objections to plaintiffs' first and second requests for production. All prior responses and supplemental responses, and the information contained, are to be held as confidential information subject to the parties' protective agreement.

---

**Request No. 4:** Copies of all of Defendants' actual or proposed advertisements, internet advertisements, and websites, or other promotional materials containing or bearing the BINDER & BINDER TRADEMARKS.

**Response No. 4**: Supplemental to Response No. 4, **Exhibit B to the Complaint** (Bates BB00003), and no other, actual, or proposed advertisement and websites or promotional materials that were created by defendant or on behalf of defendant bear or contain BINDER & BINDER TRADEMARKS.

---

**Request No. 8:** All Documents concerning the use or proposed use of the BINDER & BINDER TRADEMARKS or any variant thereof by Defendant.

**Response No. 8**: Supplemental to Response No. 8, **all previously produced documents with Bates nos.:** DG-365; DG366; DG-367; DG368; DG-373; DG374; DG-375; DG376; DG-377; DG378; DG-369; DG380; DG-381; DG383; DG-384; DG385; DG-386.

---

**Request No. 16:** All Documents concerning the consideration, selection, adoption, and/or purchase by Defendant of the BINDER & BINDER TRADEMARKS, in whole or in part, as internet keywords, as a heading to link to ***Defendants' Website***, or otherwise display or use in connection with ***Defendants' Website,*** including those relating to the reasons or decision for their use.

**Response No. 16**: Supplemental to Response No. 16, when Request No. 16 was served, defendants possessed no documents of and concerning ***"Defendants' Website"*** -- a term subject to specific discovery instruction/definition, namely, www.socialsecuritydisability411 .com ("411 URL"). Defendants had no knowledge "411 URL" was created. After Mr. David Dimas' deposition of Feb. 1, 2008, defendant made immediate written request through counsel in Bates no. DG369 for the Google reports which only Mr. Dimas has the password to, for "411 URL" which are now previously produced Bates nos. DG374; DG-375; DG376; DG-377; DG378; DG-369; DG380; DG-381; DG383; DG-384; DG385; DG-386.

---

**Request No. 17:** All Documents concerning the date and manner of first use of the BINDER & BINDER TRADEMARKS by Defendant.

**Response No. 17**: Supplemental to Response No. 17, **all previously produced documents with Bates nos.:** DG-195 to DG-201 pertain to date and manner of *first use*; DG189 to DG192, as updated to DG216 to DG219 (compilations of each inquiry based on the *first use* and last use, from all media sources, of the word "Binder" in any variation).

---

**Request No. 18:** All Documents concerning any investigation, market research, survey and/or search conducted by or on behalf of Defendant in connection with Defendants' adoption display and use of the BINDER & BINDER TRADEMARKS in connection with ***Defendants' Website.***

**Response No. 18**: Supplemental to Request No. 18, when Request No. 18 was served, defendants possessed no documents of and concerning ***Defendants' Website*** -- a term subject specific discovery instruction/definition, namely, www.socialsecuritydisability411 .com ("411 URL"). Defendants had no knowledge "411 URL" was created. After Mr. David Dimas' deposition of Feb. 1, 2008, defendant made immediate formal written request through counsel in Bates no. DG369, for the Google reports, which only Mr. Dimas has the password to, for "411 URL" which are now previously produced Bates nos. DG374; DG-375; DG376; DG-377; DG378; DG-369; DG380; DG-381; DG383; DG-384; DG385; DG-386.

---

**Request No. 20:** All Documents concerning Defendants' advertising programs with any website search engine company in connection with the BINDER & BINDER TRADEMARKS.

**Response No. 20**: Supplemental to Request No. 20, **all previously produced documents with Bates nos.:** DG-365; DG366; DG-367; DG368; DG-373; DG374; DG-375; DG376; DG-377; DG378; DG-369; DG380; DG-381; DG383; DG-384; DG385; DG-386.

---

**Request No. 21:** All Documents concerning the proposed and submitted internet keywords or ad text to appear in the Google search results in **Exhibit B of the Complaint** and the persons responsible for the selection, revision, and implementation of the Ad text or keywords.

**Response No. 21**: Supplemental to Request No. 21, **all previously produced documents with Bates nos.:** DG373; DG374; DG-375; DG376; DG-377; DG378; DG-369; DG380; DG-381; DG383; DG-384; DG385; DG-386.

---

**Request No. 22:** All Documents concerning Defendants' dealings with Google, Inc. in connection with the BINDER & BINDER TRADEMARKS.

**Response No. 22**: Supplemental to Request No. 22, **all previously produced documents with Bates nos.:** DG-365; DG366; DG-367; DG368; DG-373; DG374; DG-375; DG376; DG-377; DG378; DG-369; DG380; DG-381; DG383; DG-384; DG385; DG-386; DG189 to DG192, as updated to DG216 to DG219; DG283 to DG315 (all inclusive Google Report for period 2005-2007, a per month total sum all keywords, clicks.).

---

**Request No. 23:** All Documents concerning Defendants' expenditures for all advertisement and promotion which included the BINDER & BINDER TRADEMARKS and any summaries thereof.

**Response No. 23**: Supplemental to Request No. 23, **all previously produced documents with Bates nos.:** DG283 to DG315 [all inclusive (not limited to "binder") Google Report for period 2005-2007, a per month total sum all keywords, clicks.]; DG194 as updated to DG230; DG339 [per case net profit calculations shows average advertising cost expenditures per case company wide (not limited to "binder")]; DG340; DG-365; DG366; DG-367; DG368; DG-373; DG374; DG-375; DG376; DG-377; DG378; DG-369; DG380; DG-381; DG383; DG-384; DG385; DG-386.

---

**Request No. 34:** All Documents concerning Defendants' total sales of goods/services as a result of the BINDER & BINDER TRADEMARKS in terms of both dollars and cases retained since the date of first use of the BINDER & BINDER TRADEMARKS.

**Response No. 34**: Supplemental to Request No 34, **all previously produced documents with Bates nos.:** DG-216 to DG-219; DG317 + DG318 [spreadsheets of total annual revenues/sales for Disability Group for 2005, 2006, and 2007 (not limited to 18 "binder" cases); DG231 (updated compilation of the Actual Award Receivables to date from 4 of the 18 retained cases); DG339 [revenue/sales calculations per case" (not limited to 18 "binder" cases)]; DG340; DG370 [all inclusive (not limited to 18 "binder" cases) for period 2005]; DG371; [all inclusive (not limited to 18 "binder" cases) for period 2006]; DG372 [all inclusive (not limited to 18 "binder" cases) for period 2007].

---

**Request No. 95:** All documents evidencing or referring to the Google Adwords purchased by Disability which triggered Disability's advertisements containing the word "binder."

**Response No. 95:** Supplemental to Response No. 4, **all previously produced documents with Bates nos.:** DG-216 to DG-219; DG-365; DG366; DG-367; DG368; DG-373; DG374; DG-375; DG376; DG-377; DG378; DG-369; DG380; DG-381; DG383; DG-384; DG385; DG-386.

---

**Request No. 98:** All documents evidencing or referring to the website domain names owned by Disability.

**Response No. 98:** Supplemental to Request No. 98, with renewed objections: (1) the request is overly broad; (2) the request is cumulative, duplicative, and includes categories of documents which cannot be reasonable identified; (3) the category of documents are not reasonably particularized; (4) the complete content of websites themselves are documents equally available to requesting party; and without waiving said objections, **all previously produced documents with Bates nos.:** DG-216 to DG-219; DG-365; DG366; DG-367; DG368; DG-373; DG374; DG-375; DG376; DG-377; DG378; DG-369; DG380; DG-381; DG383; DG-384; DG385; DG-386.

---

Dated: February 13, 2008

______________________________

Matt Kohn, Of Counsel, Disability Group, Inc.

**PROOF OF ELECTRONIC SERVICE BY E-MAIL**

I, the undersigned, say: I am and was at all times herein mention, a citizen of the United States and a resident of the County of Los Angeles, over the age of eighteen years and not a party to the within action or proceeding; that my business address is 844 25th Street, Santa Monica, California 90403.

On February 13, 2008, I served the within,

**RESPONSES TO DISCOVERY:**

**Defendants' Supplemental Responses to First and Second Requests for Production**

by:

E-MAIL electronic service to the persons listed below, true original thereof, to the following e-mail addresses, as an attached "Adobe Acrabat" file, originating from computer hard drive, knowing each such individual has the capability of retrieving said document in full, and the transmission was reported as completed without return or error;

Thomas M. Galgano
GALGANO & ASSOCIATES, PLLC
tmgalgano@rcn.com

Kenneth G. Parker
TEUTON, LOEWY & PARKER
kparker@tlpfirm.com

I declare I am a member of the bar and that the foregoing is true and correct and was executed by me this 14th day of December, 2007, in Santa Monica, California.

______________________________ Matt Kohn (Digitally signed)

PROOF OF ELECTRONIC SERVICE BY E-MAIL

# EXHIBIT I

EXHIBIT I 141

Kenneth G. Parker (SBN 182911)
kparker@tlpfirm.com
Robert G. Loewy (SBN 179868)
rloewy@tlpfirm.com
TEUTON, LOEWY & PARKER LLP
3121 Michelson Drive, Suite 250
Irvine, California 92612
Telephone: (949) 442-7100
Facsimile: (949) 442-7105

Thomas M. Galgano (*Pro Hac Vice*)
tmgalgano@rcn.com
GALGANO & ASSOCIATES, PLLC
20 W. Park Avenue, Suite 204
Long Beach, New York 11561
(516) 431-1177

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| HARRY J. BINDER, an individual; and CHARLES E. BINDER, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>DISABILITY GROUP, INC., a corporation; RONALD MILLER, an individual; and DOES 1 to 10, inclusive,<br><br>Defendant. | **Case No.: CV 07-02760-GHK (SSx)**<br><br>Hon. George King, Judge<br>Courtroom 650<br><br>**PLAINTIFFS' SECOND SET OF INTERROGATORIES TO DEFENDANT RONALD MILLER** |

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Harry J. Binder and Charles E. Binder ( Plaintiffs ) hereby request that Ronald Miller, ( Defendant ) answer the following interrogatories, in writing and under oath, by serving written responses on the offices of Kenneth G. Parker Esq., Teuton, Loewy & Parker LLP, 3121 Michelson Drive, Suite 250, Irvine, California 92612 or at such other place as agreed upon by the parties within thirty (30) days from the date of service, pursuant to the definitions and instructions set forth below. These interrogatories are continuing and impose upon Plaintiff the obligations stated in Rule 26 of the Federal Rules of Civil Procedure.

**DEFINITIONS AND INSTRUCTIONS**

The Definitions and Instructions contained in Plaintiffs' Request for Production of Documents and Things served herewith are incorporated by reference and shall apply to each one of these requests.

**Interrogatory No. 9**

Identify all of Michael Vincents' contact persons at Disability from March 2005 to November 2006 and the dates of their employment.

**Interrogatory No. 10**

Identify all of Disability's intake employees between March 2006 and November 2006.

**Interrogatory No. 11**

Identify all of Disability's receptionists between March 2006 and November 2006.

**Interrogatory No. 12**

Identify all Disability's supervisory personnel between March 2005 and November 2006.

**Interrogatory No. 13**

Identify all of Disability's information technology (I.T.) personnel from March 2005 to the present.

**Interrogatory No. 14**

Identify all of the internet search engines from which Disability has purchased keywords or displayed advertising text containing the word 'binder", between March 2006 and November 2006.

**Interrogatory No. 15**

Identify how Disability tracks how potential clients initially contact and discover Disability.

///
///
///
///
///
///
///
///
///
///
///
///

**Interrogatory No. 16**

Identify all of the keywords purchased by Disability in connection with internet search engines, to trigger advertisements for Disability containing the word "binder".

Dated: December 14, 2007

TEUTON, LOEWY & PARKER LLP
KENNETH G. PARKER
ROBERT G. LOEWY

By:____________________
Kenneth G. Parker
Attorneys for Plaintiffs

Counsel:
Thomas M. Galgano (TG 4621)
GALGANO & ASSOCIATES, PLLC
20 W. Park Avenue, Suite 204
Long Beach, New York 11561
(516) 431-1177

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and am not a party to the within action; my business address is 3121 Michelson Drive, Suite 250, Irvine, California 92612.

On **December 17, 2007**, I served a true and correct copy of the document(s) described as **PLAINTIFFS' SECOND SET OF INTERROGATORIES TO DEFENDANT RONALD MILLER** on interested parties in this action by placing true copies thereof enclosed in sealed envelopes as set forth below:

Matthew Kohn
844 25th Street
Santa Monica, CA 90403
Fax: (310) 828-9590

Ronald D. Miller
2917 Santa Monica Blvd.
Santa Monica, CA 90404
Fax: (310) 829-0010

☐ **(By U.S. Mail)** I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit. I deposited such envelope(s) with postage thereon fully prepaid to be placed in the United States Mail at Irvine, California as indicated above.

☐ **(By Facsimile)** I served a true and correct copy by facsimile pursuant to C.C.P. 1013(e), calling for agreement and written confirmation of that agreement or court order, to the number(s) listed above or on attached sheet. Said transmission was reported complete and without error.

☒ **(By Hand Delivery)** I caused such document(s) to be delivered by hand to the office of the addressee(s) as indicated above.

☐ **(By Express Service)** I served a true and correct copy enclosed in a sealed package, for collection and for delivery marked for next day delivery in the ordinary course of business, addressed to the office of the addressee(s) as indicated above.

☒ **(FEDERAL)** I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **December 17, 2007**, at Irvine, California.

Jayne Riedel

# EXHIBIT J

Ronald D. Miller (SBN 170221)
(rmiller@disabilitygroup.com)
Matt Kohn (SBN 97660) of Counsel
(mattkohn@msn.com)
2917 Santa Monica Boulevard
Santa Monica, California 90404
Telephone: (310) 829-5100
Fax: (310) 829-0010

Attorney for Defendants
DISABILITY GROUP INC.;
RONALD MILLER

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| HARRY J. BINDER, an individual; and CHARLES E. BINDER, an individual, et al.<br><br>Plaintiffs,<br><br>vs.<br><br>DISABILITY GROUP, INC., a corporation; RONALD MILLER, an individual; and DOES 1 to 10, inclusive,<br><br>Defendant. | **Case No.: CV 07-02760-GHK (SSx)**<br><br>Hon. George King, Judge<br>Courtroom 650<br><br>DEFENDANT **RON MILLER** ANSWERS TO SECOND SET OF INTERROGATORIES |

Defendant Ron Miller, by and through his attorney Matt Kohn, and for no other defendant, hereby answers interrogatories submitted by plaintiffs for purposes of this action only:

==================================================================

Interrogatory and Answer to No. 9:

Identify all of Michael Vincents' contact persons at Disability Group from March 2005 to November 2006 and the dates of their employment.

Ronald Miller.

==================================================================

Interrogatory and Answer to No. 10:

Identify all of Disability's intake employees between March 2006 and November 2006.

Documents previously produced on Oct. 24, 2007 designated Bates nos. DG-232 to DG-282.

==================================================================

Interrogatory and Answer to No. 11:

Identify all of Disability's receptionists between March 2006 and November 2006.

Vannessa Salas

==================================================================

Interrogatory and Answer to No. 12

Identify all Disability's supervisory personnel between March 2005 and November 2006.

As to varying levels of supervisory capacities:

Ronald Miller. Jorge Rodriguez. Larissa Castellanos. Keila Leon. Fia Roberts.

==================================================================

Interrogatory and Answer to No. 13:

Identify all of Disability's information technology (I.T.) personnel from March 2005 to the present.

Jim Oates

==================================================================

Interrogatory and Answer to No. 14:

Identify all of the internet search engines from which Disability has purchased keywords or displayed advertising text containing the word 'binder', between March 2006 and November 2006.

Google, Inc.

==================================================================

Interrogatory and Answer to No. 15:

Identify how Disability tracks how potential clients initially contact and discover Disability.

Disability does not know "how" potential clients initially contacted and discovered Disability, other than they control "how" and do it independently from Disability Group.

Disability had reports generated for this purpose as previously produced document Bates nos. DG-216 to DG-219.

=========================================================

Interrogatory and Answer to No. 16:

Identify all of the keywords purchased by Disability in connection with internet search engines, to trigger advertisements for Disability containing the word "binder".

"binder and binder" and "social security binder"

=========================================================

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Date signed: January 17, 2008 _______________________

Ron Miller, managing director

Disability Group, Inc.

=========================================================

Dated: January 17, 2008 _______________________

Matt Kohn, of Counsel

Disability Group, Inc.

///

///

///

Disability had reports generated for this purpose as previously produced document Bates nos. DG-216 to DG-219.

==========================================================================

Interrogatory and Answer to No. 16:
Identify all of the keywords purchased by Disability in connection with internet search engines, to trigger advertisements for Disability containing the word "binder".
"binder and binder" and "social security binder"

==========================================================================

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Date signed: January 17, 2008

Ron Miller, managing director
Disability Group, Inc.

==========================================================================

Dated: January 17, 2008

Matt Kohn, of Counsel
Disability Group, Inc.

///

///

///

**SERVICE**

I am above the age of 18 years and not party to this action. I am a citizen of the United States, a resident of the County of Los Angeles. My business address is 844 25th Street, Santa Monica, California 90403.

On JANUARY 17, 2008, I served the within RONALD MILLER ANSWER TO SET TWO INTERROGATORIES SERVED BY PLAINTIFFS on the other party by transmitting true copies thereof, securely, addressed as a "pdf" file, as follows:

To: kparker @ tlpfirm.com
Mr. Kenneth G. Parker, Esq.
Teuton, Loewy & Parker, LLP
3121 Michelson Drive, Suite 250
Irvine, California 92612
Telephone: 949-442-7100

I declare that the foregoing is true, correct, and was signed by me this 17th day of January, 2008, in Santa Monica, California.

_________________________________Matt Kohn (original digitally signed)