1  Kenneth G. Parker (SBN 182911)
     kparker@tlpfirm.com
2  Robert G. Loewy (SBN 179868)
     rloewy@tlpfirm.com
3  TEUTON, LOEWY & PARKER, LLP
   3121 Michelson Drive, Suite 250
4  Irvine, California 92612
   Telephone:  (949) 442-7100
5  Facsimile:   (949) 442-7105

6  Attorneys for Plaintiffs
   HARRY J. BINDER, *et al.*

7

8              UNITED STATES DISTRICT COURT

9     FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

10

11  HARRY J. BINDER, *et al.*,              ) **Case No.: CV 07-02760-GHK (SSx)**
                                            )
12            Plaintiffs,                   )
                                            )
13        vs.                               ) **PLAINTIFFS' EX PARTE**
                                            ) **APPLICATION FOR LEAVE TO**
14                                          ) **AMEND THE FIRST AMENDED**
    DISABILITY GROUP, INC., a               ) **COMPLAINT AND/OR THE**
15  corporation;  RONALD MILLER, an         ) **LODGED [PROPOSED] FINAL**
    individual; and                         ) **PRETRIAL CONFERENCE**
16  DOES 1 to 10, inclusive,                ) **ORDER, OR IN THE**
                                            ) **ALTERNATIVE, TO SHORTEN**
17            Defendant.                    ) **TIME FOR HEARING A MOTION**
                                            ) **THEREON: MEMORANDUM OF**
18                                          ) **POINTS AND AUTHORITIES AND**
                                            ) **DECLARATIONS OF THOMAS M.**
19                                          ) **GALGANO AND HARRY J.**
                                            ) **BINDER IN SUPPORT THEREOF**
20                                          )
                                            )
21                                          ) Date:        January 11, 2010
                                            ) Time:        4:30 p.m.
22                                          ) Ctrm:        650
                                            )
23                                          )
                                            ) [Proposed Second Amended Complaint
24                                          ) and Proposed Amended [Proposed]
                                            ) Final Pretrial Conference Order, filed
25                                          ) concurrently herewith]
                                            )
26                                          )
                                            )
27  _____)

28

---

PLEASE TAKE NOTICE that at the Pretrial Conference on January 11, 2010 at 4:30 p.m. or at such time as the Court deems appropriate, in Courtroom 650 of the above court located at the Roybal Building located at 255 E. Temple Street, 6th Floor, Los Angeles CA 90012, before the Honorable George H. King, United States District Judge, Presiding, Plaintiffs, Harry J. Binder, *et al*. ("Plaintiffs") will apply, and hereby do apply, to the Court on an ex parte basis for an order for leave to amend the First Amended Complaint and/or the Lodged [Proposed] Final Pretrial Conference Order to correct minor spelling errors of certain of Plaintiffs' legal names.  A copy of the Proposed Amended [Proposed] Final Pretrial Conference Order is lodged separately with this Court.  A copy of the Lodged [Proposed] Final Pretrial Conference Order filed with this Court on December 3, 2009 is attached as Exhibit A to the Declaration of Thomas M. Galgano.

Prior to filing the within Motion, Plaintiffs' counsel requested Defendants' counsel to stipulate for leave to correct minor clerical errors in the spelling of the legal names of certain of the Plaintiffs, to which, Defendants' counsel refused to do so, thus necessitating the within Motion.  (Galgano Decl. ¶ 11.)  Pursuant to Local Rule 7-19.1, Plaintiffs provided Defendants with telephonic notice and notice in the Lodged [Proposed] Final Pretrial Conference Order of this ex parte Application.  Defendants' counsel indicated that he was not going to formally oppose the present motion, but reserved the right to address this issue in Defendants' Trial Brief and also as set forth in paragraphs 1 and 12 of the Lodged [Proposed] Final Pretrial Conference Order.  (Galgano Decl. ¶12.)  Defendants' Counsel Matt Kohn's address and phone number are as follows: 844 25th St., Santa Monica, CA, 90403; mattkohn@aol.com; 310-828-6116.

Plaintiffs seek to correct the minor clerical errors in the spelling of certain Plaintiffs' legal names and to correct the name of one of the Plaintiffs which changed after filing the Plaintiffs' First Amended Complaint.  The current and correct legal spellings of these entities are as follows:

A.     Binder & Binder - The National Social Security Disability Advocates LLC

B.     Binder & Binder - The National Social Security Disability Advocates (CA), LLC

C.     Binder & Binder - The National Social Security Disability Advocates (NY), LLC

D.     Binder & Binder - The National Social Security Disability Advocates (NJ), LLC

E.     Binder & Binder - The National Social Security Disability Advocates (PA), LLC

F.     Binder & Binder - The National Social Security Disability Advocates (NC), LLC

G.     Binder & Binder - The National Social Security Disability Advocates (FL), LLC

H.     Binder & Binder - The National Social Security Disability Advocates (TX), LLC

I.     Binder & Binder - The National Social Security Disability Advocates (IL), LLC

J.     Law Offices - Harry J. Binder and Charles E. Binder P.C.

(Binder Decl. ¶ ¶ 5-7.)

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

MOTION FOR LEAVE; MEMORANDUM; DECL. OF T. GALGANO

1    This Motion for Leave to Amend the First Amended Complaint and/or the Lodged

2   [Proposed] Final Pretrial Conference Order is made pursuant to FRCP 15(a) on the

3   grounds that justice will be advanced and the record will be corrected to reflect the

4   accurate spellings of Plaintiffs.  The Motion will be based upon the attached Memorandum

5   of Points and Authorities, the Declaration of Harry J. Binder, the Declaration of Thomas

6   M. Galgano, the Exhibits attached therewith, the [Proposed] Second Amended Complaint

7   and the Amended [Proposed] Final Pretrial Conference Order, filed concurrently herewith,

8   and any additional oral and documentary evidence and arguments that may be submitted to

9   the Court.

10   Date:   December 22, 2009              TEUTON, LOEWY & PARKER LLP
                                            KENNETH G. PARKER
11

12                                          By: /s/ Kenneth G. Parker
13                                                  Kenneth G. Parker
14

15   Counsel:
     Thomas M. Galgano (TG 4621)
16   Jessica G. Bower (JB 2047)
     GALGANO & ASSOCIATES, PLLC
17

18

19

20

21

22

23

24

25

26

27

28

MOTION FOR LEAVE; MEMORANDUM; DECL. OF T. GALGANO

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

### I.    FACTUAL BACKGROUND

This is a trademark infringement action brought by Harry J. Binder and Charles E. Binder and their various affiliated entities (collectively "Plaintiffs") seeking, *inter alia*, monetary relief and a permanent injunction for infringement of their registered trademarks.

The affiliated entities of the originally named Plaintiffs, Harry J. Binder and Charles E. Binder, were added in Plaintiffs' First Amended Complaint by an order dated November 26, 2007, and were set forth as follows:

A.  Binder and Binder- The National Social Security Disability Advocates, LLC

B.  Binder and Binder- The National Social Security Disability Advocates (CA) LLC

C.  Binder and Binder- The National Social Security Disability Advocates (NY) LLC

D.  Binder and Binder- The National Social Security Disability Advocates (NJ) LLC

E.  Binder and Binder- The National Social Security Disability Advocates (PA) LLC

F.  Binder and Binder- The National Social Security Disability Advocates (NC) LLC

G.  Binder and Binder- The National Social Security Disability Advocates (FL) LLC

H.  Binder and Binder- The National Social Security Disability Advocates (TX) LLC

I.  Binder and Binder- The National Social Security Disability Advocates (IL) LLC

J.  Law Offices - Binder and Binder, P.C.

1  Plaintiffs listed in A-J above are hereinafter collectively referred to as "Plaintiffs' related
2  entities". (Declaration of Thomas M. Galgano, ¶ 4, attached hereto.)

3      On December 30, 2008, almost fourteen (14) months after filing Plaintiffs' First
4  Amended Complaint to Add Plaintiffs' related entities, Entity J, LAW OFFICES
5  BINDER AND BINDER P.C. changed its name to LAW OFFICES - HARRY J.
6  BINDER AND CHARLES E. BINDER P.C.  (Declaration of Harry J. Binder, ¶ 7;
7  Certificate of Amendment of the Certificate of Incorporation of LAW OFFICES
8  BINDER AND BINDER, P.C. attached thereto as Exhibit J.)

9      In addition to recently learning of the 2008 minor name change of LAW
10 OFFICES BINDER AND BINDER, P.C., it has recently come to Plaintiffs' attention that
11 the legal names of Plaintiffs' related entities, now co-Plaintiffs, are not perfectly identical
12 to the names stated in the First Amended Complaint. (Galgano Decl. ¶ 7.)  Specifically,
13 the word "and" is used instead of correctly using an ampersand ("&") and there are
14 discrepancies with the use of commas (","). (Binder Decl., ¶ 6; Galgano Decl. ¶ 5.)

15     These minor discrepancies were only recently discovered by Plaintiffs upon
16 reviewing Defendants' Exhibits set forth in the Joint Trial Exhibit List, filed on
17 November 23, 2009. (Galgano Decl. ¶ 7; Joint Trial Exhibit List, attached thereto as
18 Exhibit B.)  These particular documents, which appear to be the various state records of
19 Plaintiffs' related entities, had not been produced in discovery despite Plaintiffs'
20 discovery requests and a specific email request to Defendants' Counsel concerning said
21 documents.  (Galgano Decl. ¶¶ 8-9; Defendants' Response to First Request for
22 Production of Documents and Things attached thereto as Exhibit C; Copy of email from
23 Plaintiff's Counsel to Defendants' Counsel, attached thereto as Exhibit D.)

24     Upon learning of the discrepancies, Plaintiffs immediately undertook an
25 investigation to obtain the exact legal names and the records in support thereof.
26 (Galgano Decl. ¶ 10.)   The correct legal spellings of the same entities set forth in
27 Plaintiffs' First Amended Complaint are as follows:

28     A.  Binder & Binder - The National Social Security Disability Advocates LLC

B.  Binder & Binder - The National Social Security Disability Advocates (CA), LLC

C.  BINDER & BINDER - THE NATIONAL SOCIAL SECURITY DISABILITY ADVOCATES (NY), LLC

D.  Binder & Binder - The National Social Security Disability Advocates (NJ), LLC

E.  Binder & Binder - The National Social Security Disability Advocates (PA), LLC

F.  BINDER & BINDER - THE NATIONAL SOCIAL SECURITY DISABILITY ADVOCATES (NC), LLC

G.  BINDER & BINDER - THE NATIONAL SOCIAL SECURITY DISABILITY ADVOCATES (FL), LLC

H.  Binder & Binder - The National Social Security Disability Advocates (TX), LLC

I.   Binder & Binder - The National Social Security Disability Advocates (IL), LLC

J.  LAW OFFICES - HARRY J. BINDER AND CHARLES E. BINDER P.C.

(Binder Decl. ¶¶ 4-5.)

Once the above exact legal spellings were confirmed, Plaintiffs attempted to reach agreement with Defendants to correct the errors in the [Proposed] Final Pretrial Conference Order and by request to Defendants' counsel to stipulate to this motion. Defendants' counsel refused to stipulate and reserved the right to address this issue in the Defendants' trial brief.   (Galgano Decl., ¶¶ 11-12; Lodged [Proposed] Final Pretrial Conference Order ¶¶ 1 and 12, filed concurrently herewith.)

This motion seeks leave to amend the First Amended Complaint and/or the Lodged [Proposed] Final Pretrial Conference Order to correct the legal names of Plaintiffs' related entities, as stated in A-J above.

**II.   JUDICIAL POLICY STRONGLY FAVORS ALLOWING MINOR AND TECHNICAL CORRECTIONS WHICH DO NOT ALTER THE PARTIES OR PROCEEDINGS.**

There is a strong judicial policy toward merit-based decisions, and against throwing out claims because of a minor technicality. *Hilgraeve Corporation v. Symantec Corporation*, 212 F.R.D. 345, 348 (E.D. Mich. 2003). Indeed, substitution of plaintiffs should be liberally allowed when the change is merely formal and in no way alters the original complaint's factual allegations as to the events or the participants. *Id* at 347. In *Hilgraeve*, the Plaintiff sought to amend the complaint to correct a technical error in its own name, specifically, substituting "Hilgraeve, Inc" for "Hilgraeve Corporation". The Court granted leave to amend the "substitution" of plaintiffs under FRCP 17(a) and FRCP 15(a), reasoning "[a] little common sense goes a long way to show that the complaint contains a mere misnomer, and that [Hilgraeve, Inc. and Hilgraeve Corporation] are one and the same." *Id.* at 348, quoting *Hemphill Contractor Co. v. United States*, 34 Fed. Cl. 82, 86 (Fed. Cl. 1995).

As in *Hilgraeve*, the slight technical errors in certain of the Plaintiffs' related entity names in the First Amended Complaint are immaterial in that they do not alter the identity of the parties. Whether named in this suit as "Binder and Binder" or "Binder & Binder", the entities and parties to this action are obviously the same and strong judicial policy favors allowing the correction at this time.

Indeed, *at every stage* of legal proceedings, there is ample authority in favor of correcting technical errors to avoid injustice. FRCP 60 provides that "clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time…" FRCP 60. Misnomers of parties may be corrected under FRCP 60, even after entry of judgment. See *PacifiCorp Capital, Inc. v. Hansen Properties*, 161 F.R.D. 285, 287 (S.D.N.Y. 1995), (Correction of judgment to change defendant's name from "Hansen Properties" to "Hanson Properties, Inc." was allowed.); see also, *Fluoro Electric Corp. v. Branford Associates*, 489 F.2d

4

320, 326 (2d Cir. 1973) (Substitution of "Branford Associates" for "Branford Associates, a corporation, as named defendant on the judgment was allowed.)

Like the above-referenced actions, Plaintiffs' correction to the legal names of Plaintiffs' related entities is merely technical, with no substantive change affecting the parties or the proceedings.  Accordingly, the proposed corrections to Plaintiffs' related entities names should be allowed.

III.    **LEAVE TO AMEND THE FIRST AMENDED COMPLAINT AND THE LODGED [PROPOSED] FINAL PRETRIAL CONFERENCE ORDER SHOULD BE GRANTED.**

Federal Rule of Civil Procedure 15(a) provides, in part, that a party may amend a pleading by leave of court, and "leave shall be freely given when justice so requires." [1] F.R.C.P. 15. The United States Supreme Court, in its opinion in *Foman vs. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962) enunciated the general standard to be employed under Federal Rule of Civil Procedure Rule 15(a) on a motion for leave to amend:

> "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.  In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. - the leave sought should, as the rules require, be "freely given"."

*Foman*, 371 U.S. 178, 182 (1962).

---

[1]    Plaintiffs view FRCP Rule 15's standard for leave to amend as controlling in seeking these corrections because the Scheduling Order dated March 21, 2008, does not proscribe a deadline for amending the pleadings, (Galgano Decl. ¶ 13; Scheduling Order attached as Exhibit E.), where FRCP Rule 16 would control.  However, even the "good cause" standard of FRCP 16(b) is met in the present situation.  See *Caribbean Parts Agency v. Hastings Manufacturing Company, Inc.*, 2009 U.S. Dist. LEXIS 57445 (D.P.R. July 7, 2009).  Even after the pleading amendment deadline, Plaintiffs had

5

1   This analysis should be applied with all inferences in favor of granting the motion.

2   *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).  The policy to

3   allow amended pleadings is to be applied with "extraordinary liberality."  *Morango Band*

4   *of Mission Indians v. Rose*, 893 F.2d. 1074, 1079 (9th Cir. 1990).  A determination of the

5   merits of the case is favored.  *Fuhrer v. Fuhrer* 292 F.2d 140 (C.A. Ind. 1961).

6

7        **A.     Defendant will not be prejudiced by the correction of Plaintiffs' names.**

8        The most important factor listed by the courts, and the most frequent reason for

9   denying leave to amend, is that the opposing party will be prejudiced if the movant is

10  permitted to alter his pleadings.  *Zenith Radio Corp. vs. Hazeltime Research, Inc.*, 401

11  U.S. 321, 91 S. Ct. 795 (1971).

12       This is not a case where a party would be unfairly surprised or prejudiced, as

13  when a different party is brought into a lawsuit.  In fact, neither the case nor the parties

14  will be substantively affected by the proposed spelling correction.  Plaintiffs' related

15  entities are still the same entities set forth in Plaintiffs' First Amended Complaint.

16  Defendants have had actual notice of the same actual entities from the start.  It is hard to

17  imagine how an argument can be made that minor corrections, like using an *ampersand*

18  *("&")* instead of the word *and* would have even a minimal impact on Defendants

19  Disability Group, Inc. and Ronald Miller, much less a prejudicial one.  See *Hilgraeve*

20  *Corporation*, *discussed inter alia*, 212 F.R.D. 245.  (No prejudice to Defendant where

21  Plaintiff sought to correct Plaintiff's name from "Hilgraeve Corporation" to "Hilgraeve,

22  Inc." resulting in no substantive change to complaint.)

23       Defendants' Counsel has indicated he does not plan on formally objecting to the

24  present motion.[2] (Galgano Decl. ¶ 12.)

25  _____

26  "good cause" to amend Plaintiff's name in Original Complaint from  "Caribbean Parts
    Agency" to "ECL Enterprises, Inc. d/b/a Caribbean Parts Agency".

27  [2]  While Mr. Kohn stated he would not formally object to this motion, leave to amend is
    necessary because he refused to stipulate to the correction in the [Proposed] Pretrial
    Conference Order and reserved the right to address this issue in the Defendants' trial

28  brief, as also set forth in paragraphs 1 and 12 of the [Proposed] Final Pretrial

6

Accordingly, the minor corrections at issue would not alter the parties, the claims, the discovery, or the proceedings and therefore do not possibly cause "undue prejudice" to Defendants.

**B.      There has been no undue delay, dilatory motive or bad faith by Plaintiffs.**

None of the exceptions to FRCP 15's "extraordinary liberality" – i.e., undue delay, dilatory motive or bad faith – are present.  Plaintiffs' minor spelling errors, though unfortunate, were inadvertent, (Binder Decl., ¶ 4.), and do not alter the First Amended Complaint substantively.   Once discovered, Plaintiffs diligently sought to obtain the precise legal names and records and endeavored to resolve the discrepancy expeditiously in the [Proposed] Final Pretrial Conference Order with Defendants' Counsel.  (Galgano Decl. ¶11-12; Lodged [Proposed] Final Pretrial Conference Order ¶¶ 1 and 12, filed concurrently herewith.)   When Defendants' counsel refused to stipulate, Plaintiffs prepared the instant Motion.

As stated above, none of the appropriate reasons warranting a denial of leave to amend under FRCP 15 are remotely present in the instant action.  Furthermore, justice requires that Plaintiffs are not penalized by an inadvertent and slight technical error.  In light of the liberal policy of the courts and the Federal Rules of Civil Procedure, leave to amend should be allowed so that the minor corrections can be made and the parties may litigate their claims.

/ / /

/ / /

/ / /

/ / /

/ / /

Conference Order.  (Galgano Decl., ¶ 9; [Proposed] Final Pretrial Conference Order ¶ 12.)

7

**III.    CONCLUSION**

For the foregoing reasons, Plaintiffs, Harry J. Binder, *et al*. respectfully request that the Court grant Plaintiffs motion to amend the First Amended Complaint and/or the Lodged [Proposed] Final Pretrial Conference Order to correct the legal names of Plaintiffs' related entities, as stated in A-J above.

Date:  December 22, 2009                    TEUTON, LOEWY & PARKER LLP
                                            KENNETH G. PARKER


                                            By: /s/ Kenneth G. Parker
                                                    Kenneth G. Parker

Counsel:
Thomas M. Galgano (TG 4621)
Jessica G. Bower (JB 2047)
GALGANO & ASSOCIATES, PLLC

1

**CERTIFICATE OF SERVICE**

2
     I hereby certify that on **December 22, 2009**, I filed the foregoing **PLAINTIFFS'**

3
**EX PARTE APPLICATION FOR LEAVE TO AMEND THE FIRST AMENDED COMPLAINT AND/OR THE LODGED [PROPOSED] FINAL PRETRIAL CONFERENCE ORDER, OR IN THE ALTERNATIVE, TO SHORTEN TIME**

4
**FOR HEARING A MOTION THEREON: MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATIONS OF THOMAS M. GALGANO AND**

5
**HARRY J. BINDER IN SUPPORT THEREOF** with the Court through this district's CM/ECF system.

6

7
     Pursuant to Local Rule 5-3.3, the "Notice of Electronic Filing" automatically generated by CM/ECF at the time the document is filed with the system constitutes automatic service of the document on counsel of record who have consented to electronic

8
service.

9
Matthew Kohn                      Ronald D. Miller
844 25th Street                        2917 Santa Monica Blvd.

10
Santa Monica, CA 90403          Santa Monica, CA 90404
Email: mattkohn@msn.com        Email: winningcases@aol.com

11
Fax: (310) 828-9590               Fax: (310) 829-0010

12

13
                                  /s/ Kenneth G. Parker

14
                                  Kenneth G. Parker
                                  kparker@tlpfirm.com

15
                                  TEUTON, LOEWY & PARKER LLP
                                  3121 Michelson Drive, Suite 250

16
                                  Irvine, California 92612
                                  Telephone: (949) 442-7100

17
                                  Facsimile:  (949) 442-7105

18

19

20

21

22

23

24

25

26

27

28