1  Kenneth G. Parker (SBN 182911)
     kparker@tlpfirm.com
2  Robert G. Loewy (SBN 179868)
     rloewy@tlpfirm.com
3  TEUTON, LOEWY & PARKER LLP
   3121 Michelson Drive, Suite 250
4  Irvine, California 92612
   Telephone:  (949) 442-7100
5  Facsimile:   (949) 442-7105

6  Attorneys for Plaintiffs

7

8                    UNITED STATES DISTRICT COURT

9            CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

10

11  HARRY J. BINDER, *et al.*,                )  **Case No.: CV 07-02760-GHK (SSx)**
                                              )
12              Plaintiffs,                   )
                                              )  **PLAINTIFFS' *CORRECTED*
13       vs.                                  )  TRIAL BRIEF**
                                              )
14  DISABILITY GROUP, INC., a corporation;    )
    RONALD MILLER, an individual; and         )  Pretrial Conf:   February 11, 2010
15  DOES 1 to 10, inclusive,                  )  Time:            9:30 a.m.
                                              )
16              Defendants.                   )
                                              )
17                                            )
                                              )
18                                            )
                                              )
19  _____)

20

21

22

23

24

25

26

27

28

## I. INTRODUCTION

This Trial Brief is a supplement to Plaintiffs' Memorandum of Contentions of Fact and Law and [Proposed] Final Pretrial Conference Order which were previously filed with this Court. The present Trial Brief discusses only those matters not previously addressed and which have been newly raised by the Defendants.

In Defense #1 of their Memorandum of Contentions of Fact and Law, Defendants incorrectly argue Plaintiffs do not have legal ownership of the trademark registrations at issue in this case and, therefore, do not have the right to enforce the trademarks under the Lanham Act. Defendants' assertion is based entirely upon the registration of Binder and Binder, a New York partnership (the "Binder Partnership"), as a *registered limited liability partnership* under a New York law limited liability partnership statute enacted in 1994. The 1994 law, as was common in many states around that time, enacted to allow professionals such as lawyers to take advantage of limited liability protections by registering their new partnership. (*See infra* p. 3-4.) Under New York law, the registration had no impact on the legal status of the Binder Partnership other than to limit the liability of its professional partners under the new law. After registering under the new law in 1994, the Binder Partnership obtained registrations to the trademarks at issue in this case in 1998 and later assigned the trademarks and registrations to the current owners, individuals Harry J. Binder and Charles E. Binder (the "Binders") in early 2006.

The original applicant on the trademark applications, the Binder Partnership, existed at the time it filed the registrations and continues to exist to this day. The only thing that happened to the Binder Partnership in 1994 was that it registered as a limited liability partnership under the 1994 amendment to the New York Partnership Law. The Binder Partnership's registration did not create a new entity. It was not a merger, liquidation, dissolution, transfer or other event creating a successor in interest limited partnership; rather, the Binder Partnership after registration was still "*for all purposes the same entity that existed before the registration and continues to be a partnership without limited partners under the laws of this state . . . .*" N.Y. Partnership Law § 121-1500(d) (LEXIS 2009) (*See*

Exhibit A (attached)). Consequently, the original applicant, the Binder Partnership, was still in existence as of the date of the written assignment whereby it conveyed the trademark registrations at issue to the Binders. The original applicant's registration as a limited liability partnership in 1994 *did not create a new entity*; rather, the Binder Partnership remained the *same legal entity* under New York Law.

## II.   BRIEF STATEMENT OF THE FACTS

The Binders formed The Binder Partnership as a New York general partnership (called a partnership without limited partners in New York) operating under the name "Binder and Binder" in at least 1979, to engage in the practice of law. To this day, the Binder Partnership has been continuously engaged in the practice of law. On November 9, 1994, the Binder Partnership registered with the New York Department of State as a limited liability partnership pursuant to the new 1994 law allowing professionals to register. (*See* Exhibit B (attached).)

In November 1996, the Binder Partnership filed the trademark applications at issue.[1] The Binder Partnership filed these applications in the U.S. Patent and Trademark Office in the name of "BINDER and BINDER, a New York partnership composed of HARRY J. BINDER and CHARLES E. BINDER." On March 10, 2006, the Binder Partnership executed written assignments conveying right, title and interest in U.S. Trademark Reg. Nos. 2,161,478, 2,161,479 and 2,109,191 to the Binders. (*See* Exhibit C.)

/ / /

/ / /

/ / /

/ / /

/ / /

---

[1] Namely U.S. Trademark Reg. No. 2,161,479 for BINDER AND BINDER which was registered June 2, 1998 (*See* Exhibit 331); U.S. Trademark Reg. No. 2,161,478 for BINDER & BINDER which registered June 2, 1998 (*See* Exhibit 330); and U.S. Trademark Reg. No. 2,109,191 for BINDER & BINDER (& Design) which registered October 28, 1997. (*See* Exhibit 332.)

## III. THE TRADEMARK REGISTRATIONS ARE VALID AND THE BINDERS NOW OWN THE TRADEMARKS AND REGISTRATIONS TO THEM

### A. The Binder Partnership was "For All Purposes the Same Entity" After Registering Under the New 1994 LLP Law

The original trademark applicant, the Binder Partnership, existed as of the filing and registration dates of the applications and was not replaced by a new entity when the Binder partnership registered as a limited liability partnership in 1994.

Under New York law, a partnership is "an association of two or more persons to carry on as co-owners a business for profit *and includes for all purposes of the laws of this state, a registered limited liability partnership*." N.Y. Partnership Law § 10(1) (LEXIS 2009). The italicized language was added in the 1994 statute allowing registration as a limited liability partnership. 1994 N.Y. ALS 576 (key excerpts, Exhibit D.)  The Binder Partnership's registration as a limited liability partnership with the New York Department of State in November 1994 did not cause the Binder Partnership to be replaced by a new partnership. It was not a conversion, merger, acquisition, asset transfer, or anything else.  Rather, the Binder Partnership that registered such partnership as a limited liability partnership under the name "BINDER AND BINDER LIMITED LIABILITY PARTNERSHIP" *remained in existence* after the registration and is the *same legal entity*.

In 1994 New York approved amendments to its Partnership Law providing that professionals in a "partnership without limited partners" could register as a registered limited liability partnership by filing with the department of state a registration setting forth the information prescribed in the statute. *See* N.Y. Partnership Law § 121-1500(a) (LEXIS 2009) (attached as Exhibit A.); 1994 N.Y. ALS 576 (Exhibit D.)  The amendments to the New York Partnership Law modified the liability provisions of Section 26 of the New York Partnership Law to eliminate, with certain exceptions, personal liability of the partners of limited liability partnerships for debts or obligations of the partnership or the other partners of the partnership, whether arising in tort contract or otherwise. N.Y. Partnership Law § 26(b) (LEXIS 2009).  As § 121-1500(d) of the Partnership Law, makes clear, however, the

registration of a "partnership without limited partners," *i.e.,* a general partnership, does not change the identity of the general partnership that filed such registration. It is still "for all purposes the *same entity* that existed before the registration and continues to be a partnership without limited partners under the laws of this state…." *Id.* (emphasis added). Furthermore, as stated in § 121-1500; *see also Joachim v. Flanzig*, 3 Misc. 3d 371, 773 N.Y.S.2d 267 (NY Sup.Ct. 2004) (Exhibit E) ("A limited liability partnership is a general partnership which acquires certain limited liability characteristics upon registration with the Secretary of State."); *Prohealth Care Associates, LLP v. Max April, M.D. and Robert F. Ward, M.D*, 4 Misc.3d 1017(A), 798 N.Y.S.2d 347, 2004 WL 1872915 (N.Y. Sup Ct. 2004)( attached as Exhibit F) (citing *Joachim* for the same principle); *Mudge Rose Guthrie Alexander & Ferdon v. Pickett,* 11 F.Supp.2d 449 (SDNY 1998) at n. 12 (a copy of which is attached as Exhibit G) ("The statute clearly enunciates that a general partnership that is registered as a RLLP is for all purposes the *same entity* that existed before registration and continues to be a general partnership under the laws of New York" (emphasis added; quoting Bruce A. Rich, *Practice Commentaries*, 38 McKinney's Consol. L. of N.Y.)).

In sum, here, since at least 1979, Harry J. Binder and Charles E. Binder have practiced law continuously as the Binder Partnership. On November 9, 1994 they registered their partnership as a limited liability partnership with the New York Department of State pursuant to a new statute, similar to that passed in other states, allowing such registration for professional partnerships. That *registration* as a limited liability partnership in 1994 did not result in the formation of a new entity that was different from the Binder Partnership. Rather, the Binder Partnership entity that existed before the 1994 registration remained "*for all purposes the same entity*" after the registration. N.Y. Partnership Law §121-1500(d). Contrary to the Defendants' argument, therefore, the Binder Partnership existed both on the filing date of the 1996 Application and on the dates of issuance of the registration of the trademarks in 1997 and 1998.

**B.    The Binder Partnership's Assignment to the Binders Was and Is Valid**

The Defendants further argue that because the Binder Partnership allegedly no longer existed after November 9, 1994, the Binder Partnership could not validly assign title to the trademarks registrations at issue to Harry J. Binder and Charles E. Binder, by means of the March 10, 2006 assignment.  However, the assignment dated March 10, 2006, executed by Harry J. Binder on behalf of the partnership of "BINDER AND BINDER", was effective to transfer to the assignees Trademark Registration Serial Nos. 2,109,191, 2,161,478 and 2,161,479, as the Binder Partnership was still was in existence at that time and still exists today.

The trademarks at issue were registered in the partnership name of BINDER AND BINDER.  The March 10, 2006 assignment to the Binders states "BINDER AND BINDER hereby assigns to HARRY J. BINDER and CHARLES E. BINDER" and was executed by Harry J. Binder as partner of "BINDER AND BINDER" (*See* Exhibit C).  This was effective under the law relating to assignments to transfer the trademarks to the individual partners of the partnership.

Defendants further incorrectly contend that the Plaintiffs used an erroneous assignor in place and instead of the Binder Partnership and that they did so because the Plaintiffs knew the registrant was non-existent.  There is no support for this untrue statement.  The original trademark applicant, the Binder Partnership, still existed as of the date of the March 10, 2006 assignment of the registrations.  Consequently, there was no need to have a written trademark assignment from the Binder Partnership to the "Binder LLP," as they are one and the same legal entity under New York law.

Defendants also argue that the USPTO records identified the Assignor as "BINDER *&* BINDER" rather than "BINDER *AND* BINDER".  The earlier USPTO record identifying the partnership's name as BINDER *&* BINDER was as a result of the USPTO's recordation of the assignor's name from the USPTO Transmittal Recordation Form Cover Sheet submitted by the registrant, which listed the partnership's name with an ampersand.  The USPTO simply records the name of the assignor from the Transmittal Recordation Form

Cover Sheet provided by the registrant, which identified assignor with an ampersand instead of "and." This was a clerical error that was not material. Moreover, such a correction does not change the entity or is of the nature which would require republication of the mark. According to TMEP §503.06(a)(i), typographical errors on a recorded coversheet which do not affect title to the registration will be corrected and the original date of recordation is maintained. *See, Trademark Manual of Examining Procedure* §503.06(a)(i), United States Patent and Trademark Office, Sixth Edition, Rev. 1, October 2009. (*See* Exhibit H). As soon as this clerical error was noticed, a new cover sheet for the assignment previously recorded, so that the USPTO records identified the Assignor as BINDER AND BINDER, as set forth in the March 10, 2009 Assignment. As seen in the current United States Patent and Trademark Office Notice of Recordation of Assignment Document (Exhibit I), the USPTO's records now indicate that the Assignor was "BINDER *AND* BINDER", a New York partnership. Moreover, as seen in Exhibits 330, 331 and 332, copies of which are attached hereto, the USPTO records currently indicate the current trademark owners are Harry J. Binder and Charles E. Binder. To the extent this clerical error ("&" instead of "and") was material, it has been corrected. Consequently, the March 2006 Assignment was effective to convey the trademarks at issue to the current owners Harry J. Binder and Charles E. Binder who are entitled to enforce these marks.

### C. Defendants Mischaracterize Plaintiffs' Actions by Making False Statements

Defendants make numerous false statements regarding Plaintiffs' actions and intentions in order to paint a picture of unclean hands that does not exist. Particularly, Defendants state in their Memorandum of Contentions of Fact and Law: "The 2006 affidavit of trademark Assignment uses a 'Binder & Binder' entity *known by BINDER* to be outside

the chain of title" (Defendants' Memorandum Page 1 (emphasis added)).  These false attacks are sprinkled throughout the Memorandum.[2]

All of these statements are false and there is no bad faith, as the Defendants attempt to portray by these false statements.  As stated above, the original Applicant, Binder and Binder was still in existence as of the filing date and registration date of the applications.  Furthermore, the original Registrant was still in existence as of the date of the March 10, 2006 Assignment and was therefore, the proper party to assign the registrations to Harry and Charles Binder.  Consequently, the Defendants' statements are unsupported and untrue.

## IV. THE DEFENDANTS' MEMORANDUM IS RIFE WITH OTHER ERRORS MISSTATEMENTS, INACCURACIES AND MISQUOTES

Plaintiffs wish to bring to the Court's attention the numerous inaccuracies, misstatements and misquotations set forth in Defendants' Memorandum of Contentions of Fact and Law.  In addition to those discussed above, Defendants mischaracterized the evidence in several portions of their Memorandum.  In particular, Defendants misquote Exhibit 34 on page 14 of its Memorandum *by omitting* the language which is most damaging to them.  Particularly, in addition to several minor differences between Exhibit 34 and the portion duplicated in Defendants' Memorandum, the Defendants omitted the sentence "*They advertise for B&B and we send them cases*" (emphasis added).  A copy of Exhibit 34 is attached hereto and duplicated below:

---

[2] BINDER *fudges the chain of title*" (Defendants' Memorandum, Page 2 (emphasis added)); "BINDER uses an erroneous Assignor in place and stead of the 1996 Registrant, which *BINDER also knows to be non-existent*" *Id*. (emphasis added)); "BINDER uses a 'Binder & Binder' general partnership entity known by BINDER to be outside the chain of title." (*Id*. (emphasis added)); "This time, *BINDERS'* [sic] *are aware of the wrongdoing* (a stronger inference this time that BINDERS' acted with the required state of mind, 'scienter'). Instead of correcting and clearing chain of title, they *attempted to cover it up*" (*Id.*, Page 4 (emphasis added)).

7
PLAINTIFFS' CORRECTED TRIAL BRIEF

> From: Mario Davila [mailto:mdavila@mail.com]
> Sent: Thursday, November 02, 2006 10:50 AM
> To: 'Hang Mui (Intranet)'; 'Harry J. Binder'
> Cc: 'Charles E. Binder'; llembeck@mail.com
> Subject: RE: Sponsored Search
>
> I called the 800 # and the receptionist answered "The Disability Group." I asked if this was Binder and Binder and was told it was not. I explained that I reached their website by clicking on a link titled Binder and Binder on Google and was told by Vanessa the receptionist that because Binder and Binder is a big firm, B&B sends them our disability cases. They advertise for B&B and we send them cases. I then asked for contact info for Binder and Binder. I was placed on hold for 4 minutes and given our website as a contact.

Also attached as Exhibit J, is a marked-up version of the Defendants' Memorandum showing the differences between their "duplicated" portion and Exhibit 34. As can be seen, the Defendants omit the sentence "They advertise for B&B and we send them cases" referring to the fact that Mario Davila, a Binder & Binder employee was told by Defendants' receptionist, that Disability Group advertises for Binder and Binder and that Binder & Binder sends Disability Group cases.

Defendants also make up, from whole cloth, the substance of the conversation Mario Davila had with Defendants' receptionist Vanessa Salas and set it forth in their Memorandum as if it was the exact quotation of the telephone conversation. Particularly, Defendants' Memorandum states at Page 13:

> 'Are you Binder & Binder?' ('*No.*') 'Do you have contact information for Binder & Binder?' ('*I'll get that information for you, please hold.*')

This is fictional writing. Defendants do not know the exact substance of the conversation and instead *make up the questions and responses between Mario Davila and Vannessa Salas.* Furthermore, not only do they make up the substance of the conversation, they omit that Mario Davila was told that Disability Group advertises for Binder and Binder and that Binder and Binder sends Disability Group cases, as stated in his e-mail in Exhibit 34, which is the same portion of the conversation which was omitted from Defendants' reproduction of Exhibit 34, and as discussed above.

Furthermore, Defendants made other inaccurate statements. Particularly, they state on page 13 of the Memorandum referring to their ad generated using keywords containing Binder and Binder's trademarks, that:

8
PLAINTIFFS' CORRECTED TRIAL BRIEF

1  The ad generated 62 total number of clicks, all but a few clicks were generated
2  by BINDER employees over-reacted [sic] to a situation Mr. Miller knew
3  nothing about.

4 Defendants merely assert this without any proof.

5  Furthermore, the Memorandum states at Page 12, referring to an ad linking to
6 Defendants' website:

7  "BINDER admits the ad was removed the day it was created (by
8  not being able to produce any other similar pages)."

9 Plaintiffs have not made such an admission, and Defendants are well aware of that fact.

## V. DISCREPENCY BETWEEN THE DOCUMENTS RELATED TO DAMAGES

Defendants also set forth their theory on the calculation of damages and allege a discrepancy between financial documents in Exhibits 101 and 102, which Plaintiffs fully contest and which will be addressed at trial.

Date: February 4, 2010                    TEUTON, LOEWY & PARKER LLP

                                          By   /s/ Kenneth G. Parker
                                               Kenneth G. Parker
                                               Attorneys for Plaintiffs

Counsel:
Thomas M. Galgano (TG 4621)
Jessica G. Bower (JB 2047)
GALGANO & ASSOCIATES, PLLC